## REID *against* LORD.

A defendant cannot plead in abatement, because of an *alias dictus* subjoined to his name. The true name is that which precedes the *alias dictus*.

THIS was an action of *covenant.* The declaration described the defendant as, " *Samuel P. Lord, junior, otherwise called Samuel P. Lord, junior, and Josiah Barber,*" and stated that the defendant executed the covenant by that name.

The defendant pleaded in *abatement*, and that the bill might be quashed, because he is known only by the name of *Samuel P. Lord, junior*, and never was called, or known by the name of *Samuel P. Lord, junior*, and *Josiah Barber*. To this plea, there was a general demurrer, and joinder.

*Per Curiam.* There is no ground for this plea in abatement. The true name, is that which precedes an *alias dictus ;* (*Sayer*, 279.) and the one which precedes here, is precisely the same name which the defendant gives to himself in the plea. The *alias dictus* is taken from the description which the defendant gave of himself in the covenant, and we must take it, that the description is, as it ought to have been literally copied. An *alias dictus*, as

one of the old cases says, (*Jenk. Cent.* 119.) is only reputation, and is not the truth; and though it might as well have been omitted altogether, yet if it be supported by the covenant, the defendant cannot take an exception. There must be judgment of *respondeas ouster*.

ALBANY,
February, 1809.

Judgment of *respondeas ouster.*