JOHN BARNESCIOTTA, OTHERWISE CALLED JOHN GARIBALDI, AND ANNIE SMITH, PLAINTIFFS IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Indictment — misnomer — Plea in abatement — Demurrer — Nuisance — Disorderly house.*

Upon the arraignment of the plaintiff in error upon an indictment in which he was named "John Barnesciotta, otherwise called Garibaldi," his counsel filed the following plea: "Now comes the defendant Barnesciotta and pleads to the indictment that he is not now, and never was, known by the name of Garibaldi, which he verifies," to which plea the people demurred. *Held,*

(1) That a demurrer was the proper mode of disposing of the plea;

(2) That the plea was properly overruled, as the true name preceded the *alias dictus.*

Upon the trial of an indictment for keeping a disorderly house, it is not necessary to show that it was so kept as to disturb the peace of the general public or of the particular neighborhood; it is sufficient if it be shown that it is a house of prostitution, open promiscuously, and to which large numbers of people resort for the purpose of prostitution.

*Jacobowsky* v. *The People* (6 Hun, 524) followed.

WRIT of error to the Court of General Sessions of the city and county of New York, to review the conviction and sentence of the plaintiffs in error for keeping a disorderly house.

*Wm. F. Kintzing,* for the plaintiffs in error. A house in law to be "disorderly" must be what is termed a common nuisance. It must affect those other than the inmates, and it must be laid in the indictment as a common nuisance. (*Hunter* v. *Commonwealth,* 2 Serg. & Rawle [Pa.], 298; *State* v. *Matthews,* 2 Dev. & Bat., 424; *United States* v. *Jourdine,* 4 Cranch, C. C., 338; *Stewart* v. *The Commonwealth,* 1 Serg. & Rawle [Pa.], 342; 1 Bishop, Crim. Law, chap. 68, § 1106; 2 Wharton Am. Cr. Law [7th ed.], § 2378; *State* v. *Baily,* 1 Foster, 343; *Clemtine* v. *State,* 14 Mo., 112; *State* v. *Stevens,* 40 id., 559; *Hackney* v. *State,* 8 Ind., 494.) An indictment will not lie for that which is a nuisance only to a few inhabitants of a particular place. (*Rex* v. *Lloyd,* 4 Espinasse's Rep., 200.) And the act must be, in some sense, public to be a nuisance of the indictable kind. (*State* v. *Wright,* 6 Jones [N. C. R.], 25; *State* v. *Hathcock,* 7 Iredell [N. C.], 52; *State* v. *Evans,* 5 id., 603; *State* v. *Baldwin,* 1 Dev. & Bat., 195; *Lansing* v. *Smith,* 8 Cowen, 146; *People* v. *Sergeant,* 8 id., 139; *Turner* v. *The Trustees, etc.,* 5 Hill, 121; *Brooks* v. *The State,* 2 Yerger, 482; *Commonwealth* v. *Webb,* 5 Randolph, 312.)

*Benj. K. Phelps,* district attorney, for the defendants.

DAVIS, P. J.:

The plaintiffs in error were indicted for keeping a disorderly house. The plaintiff in error John Barnesciotta was named in the indictment by that name, followed by the words, "otherwise called Garibaldi." On being arraigned, his counsel read and filed the following plea:

"Now comes the defendant John Barnesciotta, and pleads to the indictment, that he is not now, and never was, known by the name of Garibaldi, which he verifies.

                                   "JOHN BARNESCIOTTA.
"Sworn this 25th day of )
     "September, 1876.    }

                    "WM. F. HOWE,
                         "*Commissioner of Deeds, N. Y.*"

The district attorney filed a demurrer to said plea, and the said plaintiff in error joined in demurrer. The court overruled the demurrer, and gave judgment thereon for the people. The demurrer was properly overruled. The true name preceded the *alias dictus*, and in such case a plea in abatement will not be sustained. (*Reid* v. *Lord*, 4 Johns., 118.) It was quite immaterial whether the plaintiff in error was ever known by the name of Garibaldi, and the indictment did not so aver. If his true name be John Barnesciotta, as the plea in abatement must be taken to admit, then the *alias dictus* becomes wholly immaterial, and is not capable of working prejudice to the plaintiff in error.

Besides, the plea was defective in form. It does not aver the true name except argumentatively, and does not aver that he is not indicted by his true name; and it does not meet the averment of the indictment, which is not that the defendant was known by the name of "Garibaldi," but that "John Barnesciotta" was otherwise called "Garibaldi," which may be, and probably was, a nickname by which he was sometimes called by his associates. There is no reason for interference with the conviction or judgment on this ground. The demurrer was a proper mode of disposing of the plea on the record. (*Rex* v. *Clark alias Jones*, 1 D. & R., 43.)

The indictment was for keeping a disorderly house. Its averments in that respect were well enough. It is insisted, in substance, that the evidence was not sufficient to uphold the indictment, because it did not show that the house was a nuisance in disturbing the peace of the general public, or of the particular neighborhood. But a bawdy house may also be a disorderly house, and it is so whenever it is shown to be a house of prostitution, open promiscuously to the public, and to which large numbers of persons resort for purposes of prostitution. In *Jacobowsky* v. *The People* (6 Hun, 524), DANIELS, J., said: "For that purpose it would have been sufficient to have shown that the prisoner kept a house of prostitution. Its direct tendency was to corrupt and deprave public morals, and disturb the peace, and for that reason it was a common nuisance. That has uniformly been held to be the law." (1 Whart. Crim. Law, § 2392; 1 Bul. Crim. Law, §§ 665, 1046; 17 Rich, 80, and other cases cited.)

In this case the evidence not only showed that the house was

kept as one of promiscuous prostitution, but for the most vile and indecent exhibitions for money, repeated many times daily, to which large numbers of "strangers" resorted. These exhibitions were of a kind too revolting for description, and nothing can be conceived more debasing or more strongly calculated to deprave and corrupt the public morals.

The learned recorder was right in charging in accordance with the ruling in *Jacobowsky* v. *The People;* and as that case was affirmed by the Court of Appeals, it must be regarded as the settled law of this State.

There is no rule of evidence which limits the proof to the exact day named in the indictment. It was entirely proper to show that the indecencies and prostitution were continuous and so far affected the large numbers of vile people who resorted there from day to day as to become a nuisance injurious to the whole public morals. The conviction and judgment must be affirmed.

Ordered accordingly.

BRADY and DANIELS, JJ., concurred.

Judgment and conviction affirmed.