CASE 21—COVENANT—JUNE 16.

# Belleview Loan and Building Association v. Jeckel, Etc.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

SURETIES—RELEASE OF—GOOD FAITH TOWARDS.—Where the acting officers of a corporation had knowledge of previous acts of defalcation of its treasurer and failed to disclose such knowledge to persons signing a renewal bond of such treasurer as sureties, the latter were not liable on the bond.

JOHN D. ELLIS AND GEORGE WASHINGTON FOR APPELLANT.

1. Surety can not withdraw in absence of statutory provision. Murfree on Official Bonds, sec. 776; 11 Wend., 28; 3 Houston (Del.), 474.
2. This was the rule at common law. Murfree on Official Bonds, secs. 776, 779.
3. Mere inaction of the obligee will not discharge surety; it must amount to fraud, or concealment. Watertown, &c., Co. v. Simmons, 131 Mass., 85; see also, 43 N. J. L., 70; 3 Houst., 474; 59 Ia., 591; 55 Ia., 571; 18 Wis., 667; 91 Ill., 518; 9 R. I., 168; Kerr on Fraud, p. 122; Magee v. Ins. Co., 2 Otto, 93.
4. Pleading insufficient on question of concealment. Burks v. Wonterline and Wife, 6 Bush, 20; Magee v. Ins. Co., *supra*.

M. HEROLD FOR APPELLEES.

1. The pleadings are sufficient to make an issue as to the acts of Jeckel in 1893. Drake v. Semonin and Dixon, 82 Ky., 296; Dean v. Dean's Admr., 8 Ky. Law Rep., 419; Louisville, &c., R. R. Co.,

v. Taylor, 92 Ky., 55; Worthley's Admr. v. Hammond, 13 Bush, 512; Coleman v. Croysdale, 3 J. J. M., 541.

2. The facts, as found by the court, constituted a misappropriation of plaintiff's money by Jeckel.    Taylor v. Com., 15 Ky. Law Rep., 49.

3. Sureties are entitled to be dealt with in the utmost good faith. Graves v. Lebanon Nat. Bank, 10 Bush, 23; Calloway v. Snapp, 78 Ky., 561; Conn. Mut. Life Ins. Co. v. Scott, 81 Ky., 544; Story's Eq. J., sec. 215; Am. & Eng. Enc. of Law, vol. 24, 793; Brandt on Suretyship, sec. 419.

4. The appellant owed the sureties the active duty of disclosure. Graves v. Lebanon Nat. Bank, *supra.*

5. The finding of facts by the court will be treated as the verdict of a properly instructed jury.   Bell v. Wood, 87 Ky., 59; Martin v. Richardson, 14 Ky. Law Rep., 847.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellant alleges that it is a corporation; that on December 30, 1893, one Jeckel was duly elected as its treasurer for the term of one year, beginning on January 6, 1894; that it was his duty to take charge of, and safely keep and account for, all moneys belonging to the association; that for the faithful performance of his duties as treasurer he executed a bond with appellees as his security; and that he failed to account to it for the sum of $1,073,70, which came into his hands as treasurer, for which it asked judgment against appellees.

Appellees resist judgment on several grounds, only one of which is necessary to be considered on this appeal. By the second paragraph of their original answer they allege that on or about the 15th day of March, 1894, and at divers other times, the dates of which they were unable to state, Jeckel, while acting as plaintiff's treasurer, wrongfully appropriated to his own use large sums of plaintiff's money intrusted to him as treasurer, and that prior to June 1, 1894, plaintiff's president and board of

directors had knowledge that Jeckel had so wrongfully appropriated its money; that they were acquainted with all the facts connected with such misappropriation; and that they had withheld this information from appellees. By an amended answer they allege "that subsequently to Jeckel's misappropriation of appellant's funds, as set out in the original answer, he had, with the knowledge and consent of appellant's president and board of directors, prior to June 30, 1894, deposited sufficient money in the German National Bank to appellant's credit to make good and pay back all the money misappropriated by him prior to the time of such repayment." And by a second amended answer, which by leave of court was filed during the progress of the trial, appellees allege that Jeckel was the treasurer of appellant company during the year 1893; that during this year he was short in his accounts with appellant several times, and that on one occasion a special meeting of appellant's board of directors was called for the purpose of considering the question of his shortage; that appellant well knew that Jeckel as treasurer, during the year 1893, had used and appropriated the funds belonging to appellant to his own use on more than one occasion, and that its officers concealed from appellees these facts; that they did not have any knowledge thereof at the time they signed the bond sued on; and that, if they had known of them before they did so, they would not have signed the bond or become surety thereon. These amended answers were controverted, and by consent the law and facts were submitted to the court without the intervention of a jury. The court in its judgment finds that in the fall of 1893 the directors of plaintiff knew that Jeckel had appropriated the funds of the

[11]

corporation to his own use; that by their consent he was allowed to refund the money to the company; that this misappropriation of the funds of the company occurred with the knowledge of the officers more than once, and that they did not disclose these facts to the sureties prior to the execution of the bond sued on; that at the time the bond was executed there should have been standing to the credit of the company in bank $1,593.16, while, as a matter of fact, there was only $1,016.40; and that subsequently to the execution of the bond, during the year 1894, Jeckel had on numerous occasions appropriated to his own use the funds of the company, but without the knowledge of the directors; and adjudging that plaintiff's petition be dismissed; and we are asked on this appeal to reverse that judgment.

It is insisted by counsel for appellant that there was no issue in the case which relates to anything that occurred during the year 1893; and that the court erred in considering testimony as to the derelictions of Jeckel as treasurer previous to the execution of the bond; and that, as there was no allegation that plaintiff or its officers or board of directors had procured or influenced appellees to sign the bond, or had misrepresented or concealed from the securities, or either of them, at the time they executed the bond, any fact whatever which had occurred prior thereto, the answers did not state facts sufficient to support defense, and that the demurrer thereto should have been sustained.

No transcript of the testimony introduced on the trial accompanies the record, and we can, therefore, consider only the sufficiency of the pleadings to support the judgment. We are of the opinion that the answer, as amended, sufficiently sets out misappropriation of appel-

lant's funds by Jeckel during the year 1893, and that its president and board of directors had knowledge thereof at the date of the execution of the bond, in January, 1894, and that they failed to communicate this information to appellees prior to or at the time they signed the bond in question.

The question, then, arises, was there such obligation or duty on the part of the company to apprise appellees of these defalcations of Jeckel at the time they signed the obligation in question, or subsequently thereto, as to make their failure to do so sufficient grounds to release them from liability thereon? While we are willing to concede that the authorities on this question are not entirely uniform, it appears to us that the weight of the best authorities supports this view of the case. Morse, in his work on Banking (page 226), says: "There is no principle of law better settled than that persons proposing to become sureties to a corporation for the good conduct and fidelity of an officer to whose custody its moneys, notes, bills, and other valuables are intrusted, have the right to be treated with perfect good faith. If the directors are aware of secret facts materially affecting and increasing the obligation of the sureties, the latter are entitled to have these facts disclosed to them." Story, 1, Eq. Jur. sec. 215, says: "If a party taking a guaranty from a surety conceals from him facts which go to increase his risk, and suffers him to enter into the contract under false impressions as to the real state of facts, such concealments will amount to a fraud; because the party is bound to make the disclosure, and the omission to make it, under such circumstances, is equivalent to an affirmation that the facts do not exist." Brandt, on Suretyship and Guaranty (section 367) says: "If a party

who takes a bond for the conduct of the principal in an employment knows at the time that the principal is then a defaulter in said employment, and conceals the fact from the surety, such concealment is a fraud upon the surety, and will discharge him,"—referring to a large number of cases. And this doctrine has been approved by this court in a number of well-considered opinions. See Graves v. Lebanon National Bank, 10 Bush, 23 and Com. Mut. Life Insurance Co. v. Scott, 81 Ky., 544.

It is not necessary, to enable appellees to avail themselves of this defense, that the president and directors of appellant corporation should have actively solicited appellees to become bound on this bond, or that they should have induced them to sign it by false representations. The law imposed upon the officers of appellant the duty of communicating to appellees, at the time they signed the bond in question, any information in their possession as to the previous acts of Jeckel, as treasurer of the company, which tended to increase their risk as his sureties, and their failure to do so was a fraud upon appellees which rendered the bond nugatory. It seems to us that the averments of the pleadings, if true, are sufficient to support the judgment appealed from, and, in the absence of any testimony, the judgment must be affirmed.