HENAN C. WALDRON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A plea in abatement for misnomer must not only state the true name of the accused, but it must further allege that he was not commonly known and called by the name under which he stands indicted.

2. Where the transcript of record shows by the clerk's recitals that defendant filed an affidavit for a continuance, and the affidavit is copied into the transcript, but there is nothing in the record proper or bill of exceptions to show that this affidavit was ever brought to the attention of the court, or that any motion for a continuance was ever made, or that the court ever made a ruling upon any application for a continuance, there is no basis of fact for an assignment of error to the effect that the court erred in overruling defendant's affidavit for a continuance.

3. Under Section 1157, Revised Statutes, the trial court has power to order a special venire commanding the sheriff to summon from bystanders or the body of the county at large persons qualified to serve as petit jurors for the second week of the term, whereupon objections duly taken by an accused person and investigation by the court, the latter finds that the venire regularly drawn from the jury box for such second week is

illegal because of irregularities in the preparation of said box and the placing of names therein, and on account of such irregularities upon motion of the accused person, quashes such regular venire.

4. Upon a charge of an assault with intent to murder, testimony is admissible which tends to show that the accused on different occasions during several months prior to, and also shortly after, the time the assault was committed, expressed illwill against the party assaulted and threatened to take his life.

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*B. H. Palmer*, for Plaintiff in Error.

CARTER, J.:

On May 26, 1898, plaintiff in error was indicted in the Circuit Court of Columbia county for the offence of an assault upon one J. A. Bethea with intent to commit the felony of murder in the first degree. At the same term of the court he was tried and convicted, and from the sentence imposed sued out this writ of error.

1. The first error assigned relates to the ruling sustaining the State's demurrer to defendant's plea in abatement. The plea reads "And now comes John C. C. Waldron, who is indicted by the name of Henan C. Waldron, into court here and says that the Circuit Court in and for said county and State ought not to take cognizance of the cause of which he is here charged, because protesting that he is not guilty of the same, nevertheless says that his name is not Henan C. Waldron, but that his name is and always has been John C. C. Waldron, by said name he was baptised and that said John

C. C. Waldron has always and still is his name, and of this the said John C. C. Waldron is ready to verify," &c.

A plea in abatement for misnomer must not only state the true name of the accused, but it must further allege that he was not commonly known and called by the name under which he stands indicted. The allegations of this plea were deficient in this respect, and the demurrer was, therefore, properly sustained. 1 Bishop Crim. Proc., §328; United States v. Janes, 74 Fed. Rep. 543; Wilson v. State, 69 Ga. 224; Wren v. State, 70 Ala. 1; Reddick v. State, 25 Fla. 112, 5 South. Rep. 704.

II. The second assignment of error complains that "the court erred in overruling the defendant's affidavit for a continuance." The transcript of record shows by recitals of the clerk that on June 2nd, 1898, defendant filed an affidavit for a continuance, and the affidavit is copied therein, but there is nothing whatever to show that a motion for continuance was ever presented to or ruled upon by the court, or that the affidavit though filed by the clerk was ever brought to the attention of the court. There is, therefore, no ruling of the court for us to review under this assignment.

III. On June 3rd, 1898, the court directed that the names of twenty persons be drawn from the jury box and that the clerk issue a special venire commanding the sheriff to summon such persons to serve as jurors for the trial of the indictment against the defendant, returnable during the second week of the term. The names of persons to serve regularly as jurors during the second week of the same term of the court were also drawn from the same box. The defendant moved to quash both the special and the regular venires, the former upon the grounds that the jury box contained the names of twenty persons whose names had been drawn from the box by the court without authority of

law and replaced in the box, and that the slips of paper
containing the names as replaced were not folded as
required by law, and the latter upon the ground that
the clerk of the court on receiving the list of names
selected for said box by the County Commissioners did
not in the presence of the sheriff or his deputy write
the names on separate pieces of paper and roll or fold
them as required by law and deposit them in the box,
but that one F. S. Woltz wrote the names and placed
them in the box, in the absence of the sheriff and his
deputy. The court found that the grounds of these
motions were true and sustained them. Thereupon the
court made an order reciting that no petit jurors had
been drawn or summoned in the manner provided by
law for the second week of the term then being held,
and directing a special venire to issue to the sheriff com-
manding him to summon from bystanders or the body
of the county at large twelve good and lawful men
qualified to serve as peitit jurors for the second week of
the term. Defendant moved to quash this venire upon
the grounds that the court had no authority of law to
order it; that defendant was entitled to be tried by a
jury regularly drawn from the jury box and because this
jury was really summoned specially to try the defendant
and not to serve as jurors for the second week of the
court as all other cases had been tried, continued or dis-
missed. The court overruled this motion and the ruling
constitutes the third assignment of error.

As to the last ground of the motion it is sufficient to
say that there is nothing in the record to sustain it, it
nowhere appearing to be true as stated that these jurors
were really summoned to try defendant, or that all other
cases had been tried, continued or dismissed. As to
the other grounds we hold that under section 1157, Re-
vised Statutes, the judge had ample authority to order

the special venire objected to, and it was eminently·
proper to authorize its execution from among bystand-
ers or the body of the county at large, rather than draw
the names from the jury box, because the court had just
held upon defendant's objection that the jury box pre-
pared for that year was illegal. The section referred to
(1157, Rev. Stats.) authorizes a special venire of this
character "whenever for any cause no petit jurors or
less than the whole number have been drawn or sum-
moned in the manner provided by law for any regular
or special term of the" court. None had been drawn or
summoned *in the manner provided by law*, and it was com-
petent for the court under these circumstances to act
upon the authority given by that section. Jenkins v.
State, 35 Fla. 737, 18 South. Rep. 182; Shepherd v.
State, 36 Fla. 374, 18 South. Rep. 773.

IV. Defendant moved in arrest of judgment. The
only ground of the motion here insisted upon is that
which alleges that defendant had never been indicted by
a lawful grand jury. There is nothing in the transcript
of record showing any illegality in the drawing, sum-
moning and empanelling of the grand jury which found
the indictment, or showing the disqualification of any
member thereof. If Chapter 4122, act approved June
2, 1893, as amended by Chapter 4386, act approved
May 30, 1895, was complied with, the grand jury which
found this bill was not selected from the names placed
in the jury box of 1898, which the court had held to be
illegal, but from the names placed in the jury box of the
previous year, against which no attack was made.
There is no proof of any fact in the transcript which
tends to show that the grand jury was an illegal body.

V. The assault upon Bethea was committed May 3,
1898. The State was permitted to show by various wit-
nesses that on different occasions during several months

prior to and even after the time the assault was committed the defendant had expressed ill-will against Bethea; in several instances making threats against his life. The evidence was all objected to as being too remote, and the argument in this court is that to be admissible, threats and expressions of ill-will must be a part of the *res gestae*. This contention is held to be incorrect in Hodge v. State, 26 Fla. 11, 7 South. Rep. 593, and Rawlins v. State, 40 Fla. 155, 24 South. Rep. 65. In the latter case the court say: "The theory of counsel for the defence seems to be that as the charge was for assault with intent to murder, nothing was competent to be shown in evidence except what was directly connected in point of time with the crime alleged. This is a mistaken view. The State had the right to show the animus or a motive for the commission of the alleged offence, and for this purpose it was competent to show that within a period not too remote from the time the crime was committed the accused entertained hostile feelings against the party assaulted and threatened to do violence to him." This quotation expresses the correct rule, and we are of opinion that the evidence objected to in this case was properly admitted.

VI. Other grounds of error are assigned, but as they are not noticed in the brief, we treat them as abandoned.

The judgment is affirmed.