CASE 61.—PROSECUTION AGAINST AARON COMBAST FOR
VIOLATING THE LOCAL OPTION LAW.—March 4,
1910.

## Combast v. Commonwealth

Appeal from Pulaski Circuit Court.

B. J. BETHURUM, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

1. Indictment and Information—Allegations.—Under Cr. Code
Prac. Sec. 125, providing that an error in defendant's name
shall not vitiate the indictment, that the indictment, after
accusing defendant Combast of the offense of illegally selling
spirituous liquors, continued that "said Burge" did unlawfully
sell, etc., was not ground for demurrer or dismissal, since the
error in accused's name may be corrected any time before
execution under such section.

2. Intoxicating Liquors—Local Option Law—Indictment—Nega-
tiving Exceptions—Necessity.—An indictment for violating the
local option law need not allege that the offense charged
did not come within the exceptions of the statute, those
being matters of defense, so that, in a prosecution for selling
intoxicants by wholesale to one not having a retail license,
defective allegations of an indictment for a sale to one not
having license to retail liquor were surplusage, so that their
insufficiency did not make the indictment bad on demurrer.

3. Intoxicating Liquors—Offenses—Selling Without    License—
Selling Under Federal License.—A  federal  license,  being
merely a form of taxation, does not authorize the holder to
sell liquor without a license required by state laws; the
statute authorizing the issuance of federal licenses so pro-
viding.

4. Intoxicating Liquors—Local Option Law—Offences—Prosecu-
tions—Burden of Proof.—In a prosecution for selling liquor
by wholesale to one not having a retail license, in violation
of the local option law, the burden was on accused to show
that the sale was made to a licensed retail dealer.

L. G. CAMPBELL for appellant.

JAMES BREATHITT, Attorney General, and TOM B. Mc-GREGOR, Assistant Attorney General, for commonwealth.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

Appellant, Aaron Combast, was indicted by the grand jury of Pulaski county for the violation of section 2558a, Ky. St., which is a part of the local option law. His demurrer to the indictment was overruled. He was then placed on trial. The jury found him guilty, and fixed his punishment at a fine of $100. From the judgment of conviction he prosecutes this appeal.

The indictment is as follows: "The grand jury of Pulaski county, in the name and by the authority of the commonwealth of Kentucky, accuse Aaron Combast of the offense of selling spirituous, vinous, and malt liquors by wholesale to a person having no retail license, committed in the manner and form as follows, viz: The said Burge on the 1st day of October, 1908, before the finding of this indictment, and in the county and state aforesaid, did unlawfully sell by wholesale spirituous, vinous, or malt liquors to George Willson, who did not at the time own or hold a license to retail liquor in Pulaski county, Ky., or any district, precinct, town, or city therein, and contrary to the local option laws and an act of the General Assembly of the commonwealth of Kentucky approved March 19, 1908, and in a territory where said law was then and there in force, against the peace and dignity of the commonwealth of Kentucky."

The facts in the case are as follows: Appellant is a manufacturer of whisky. In the months of September and October, 1908, he sold two casks of whisky, containing 11 gallons each, to one George

Willson.   At  the  time  of  the  sales  Willson  held  a
regular  United  States  license  to  retail  whisky  and
malt liquors in Pulaski county.   The local option law
is  in  force  in  that  county.   The  whisky  so  sold  was
appellant's  own  manufacture,  and  the  sale  was  made
at  the  place  of  manufacture.   There  was  no  evidence
tending  to  show  that  George  Willson  had  a  license
from the state of Kentucky, or from any county, city,
or  district  therein; nor  was  there  any  evidence  to  the
effect  that  George  Willson  had  been  licensed  by  any
other state, or county, district, or municipality there-
in to retail liquors.

It  is  first  insisted  by  appellant  that  the  indictment
is  defective,  in  that,  after  having  charged  him  with
the  offense  denounced  by  the  statute  in  question,  the
accusatory  part  of  the  indictment  recites  that  ''the
said  Burge  on  the  1st  day  of  October,  1908,  before
the  finding  of  this  indictment,  and  in  the  county  and
state  aforesaid,  did  unlawfully  sell,''  etc.   For  this
reason  appellant  contends  that  the  court  erred  either
in  failing  to  sustain  his  demurrer  to  the  indictment
or in refusing to dismiss the case.

Section  125  of  the  Criminal  Code  is  as  follows:
''An  error  as  to  the  name  of  the  defendant  shall  not
vitiate  the  indictment,  nor  proceedings  thereon,  and
if  his  true  name  be  discovered  at  any  time  before
execution,  an  entry  shall  be  made  on  the  record  of
the  court  of  his  true  name,  referring  to  the  fact  of
his  being  indicted  by  the  name  mentioned  in  the  in-
dictment,  and  the  subsequent  proceedings  shall  be  in
the  true  name,  substantially  as  follows:  'The  Com-
monwealth  of  Kentucky  against  A.  B.,  indicted  by  the
name of C. D.' ''

In  construing  this  section  of  the  Code,  this  court,
in  the  case  of  Commonwealth  v.  Kelcher,  3  Metc.  485,

used the following language: ''If the erroneous state-
ment of the whole name of the defendant would not
vitiate the indictment, certainly the omission to set
out the Christian name of the defendant could not,
and the objection to the indictment on that account
must be regarded as unavailing.'' This language
was cited with approval in the case of Commonwealth
v. Jenkins, 115 Ky. 62, 72 S. W. 363, 25 Ky. Law Rep.
1881. In view of the above section of the Code and
of the decisions referred to, we conclude that appel-
lant was not prejudiced by the failure of the court
either to sustain the demurrer to the indictment for
the reason claimed, or for refusing to dismiss the
case. Under the express language of the Code it is
declared that an error in the name of the defendant
shall not invalidate an indictment or the proceedings
thereunder, and the error may be corrected at any
time before execution. As no execution has been is-
sued upon the judgment of conviction, the error in
the name may yet be corrected.

Nor is the indictment defective in that part where
it charges a sale to George Willson, ''who did not at
the time own or hold a license to retail liquor in Pu-
laski county, Ky., or any district, precinct, town, or
city therein.'' True, the language would seem to im-
ply that he held no retail license from any district,
precinct, town or city in Pulaski county. If the law
required such an allegation to be made, doubtless the
allegation in question would be insufficient. How-
ever, the law is well settled that in an indictment for
violation of the local option law it is not necessary to
state in the indictment that the defendant does not
come within the exceptions, or to negative the pro-
visos it contains. These are matters of defense,
which the prosecutor need not anticipate. Thompson

v. Commonwealth, 103 Ky. 685, 45 S. W. 1039, 46 S. W. 482, 698, 20 Ky. Law Rep. 397; Commonwealth v. Risner, 47 S. W. 213, 20 Ky. Law Rep. 538. The allegation complained of, therefore, is mere surplusage, and did not have the effect of making the indictment bad on demurrer.

But appellant claims that he made out a complete defense when he showed that he in good faith made the sales to a party who at the time held a United State license. The manifest purpose of the act was to prevent sales by the manufacturer to persons who themselves did not have the right to sell. A license issued by the United States government is purely and simply a form of taxation. It confers no power on the holder to carry on the liquor business in violation of the state laws; nor does it relieve the holder from the necessity of taking out any license or licenses required by the laws of the state, if that is the system therein prevailing. This is not only the doctrine of the adjudged cases, but the statute authorizing the issual of United States government licenses so provides. Black on Intoxicating Liquors, sec. 125. We therefore conclude that the ownership of United States license by the person to whom the sale was made presented no defense to the offense charged.

We deem it unnecessary to decide whether or not a sale to a person having a license from some other state or county, precinct, district, or municipality therein would be lawful. Suffice it to say that the burden was on appellant to show that the sale was made to a licensed retail dealer. He did not attempt to show that the party to whom the sales were made had any other license than the one from the United States government. That being the case, he was guilty of the offense charged, and it is immaterial, so

far as he is concerned, whether or not the sale would
have been lawful or unlawful if made to a person
holding a license granted by the proper authorities
of another state.

Judgment affirmed.