## Wallace v. Commonwealth.

(Decided January 12, 1915.)

### Appeal from Daviess Circuit Court.

1. Burglary—Prosecutions—Instructions.—The instructions upon a prosecution for house breaking must require proof of an asportation.

2. Burglary—Prosecution—Sufficiency of Evidence.—Where there is no evidence to show how the entrance was effected or that it was effected, there can be no conviction of the offense of house breaking.

LOUIS I. IGLEHEART for appellant.

JAMES GARNETT, Attorney General, and ROBERT T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Richard Wallace was convicted under an indictment charging him with the statutory offense of housebreaking.

He appeals, contending that the offense charged in the indictment was not sufficiently proven, and that the court erred in instructing the jury.

1. In instructing the jury the court authorized a conviction without requiring proof of the execution of the felonious intent to steal, by the actual stealing and carrying away of property of value from the dwelling house in question.

It was held in Drake v. Commonwealth, 31 R., 1286, 104 S. W., 1000, that the jury must be instructed that before they can convict for house-breaking they must also believe from the evidence beyond a reasonable doubt that the defendant took, stole and carried away the articles or some of the articles designated.

The instruction was erroneous for failure to require proof of an asportation.

2. It is also insisted by appellant that the breaking was not sufficiently proven, and that the trial court erred in denying defendant's motion for a directed verdict, based upon that ground.

The prosecuting witness stated that "the house must have been broken into between Sunday and Wednesday;" that she always closed up the house when she left it; that it was not left open at any time during the week before the discovery of the absence of the missing articles, so far as she knew; and, in answer to the question, "You don't know how the parties entered the house, that got those things, and have no idea about it?" she answered, "None in the world."

In Little v. Commonwealth, 151 Ky., 520, a prosecution for house-breaking, there was no evidence whatever to show how the entrance was effected, and, because of this failure of proof, the court reversed a judgment of conviction. Upon the authority of the Little case, the defendant in the case at bar was entitled to a directed verdict.

While, under a proper indictment, the defendant might have been convicted of grand or petty larceny, such conviction may not be had upon an indictment charging him with the offense of house-breaking. Farris v. Commonwealth, 90 Ky., 637. Thomas v. Commonwealth, 150 Ky., 374.

For the errors indicated, the judgment of conviction is reversed.