# Medley v. Commonwealth.

(Decided January 30, 1925.)

## Appeal from Daviess Circuit Court.

1. Indictment and Information—Demurrer to Indictment Inappropriate to Eliminate Irrelevant Matter.—Demurrer is inappropriate to eliminate irrelevant matter from indictment or warrant,

though under Criminal Code of Practice, section 168, it is available to reach question of misjoinder of offenses.

2. Indictment and Information—Demurrer to Pleading or Accusation Not Available to Raise Questions Not Presented on Face of Paper.—In civil or criminal proceeding, demurrer to a pleading or accusation raises only questions presented on face of paper, and is never applicable when, to determine objection, evidence must be heard and collateral investigations made.

3. Criminal Law—Demurrer to Warrant is Insufficient to Question Sufficiency of Affidavit on which it is Based.—Objections to affidavit on which warrant for defendant's arrest was issued cannot be raised by demurrer to warrant.

4. Criminal Law—Indictment and Information—Though Motion to Quash May be Treated as Demurrer to Indictment, Demurrer is Never Available to Reach Collateral Matters.—Though motion to quash or set aside indictment or warrant may be construed as a demurrer if objection appears on face of accusatory paper, demurrer is never available where objection does not appear on face of accusation and requires determination of collateral facts and matters.

5. Criminal Law—Peremptory Instruction Raises Only Question of Sufficiency of Evidence, Not its Admissibility.—Motion for peremptory instruction raises only issue of sufficiency of evidence, and not admissibility.

6. Intoxicating Liquors—Positive Testimony of Two Witnesses as to Sale of Liquor by Defendant is Sufficient to Sustain Conviction.—Positive testimony by two witnesses that whiskey was purchased from defendant in his soft drink stand is sufficient to sustain conviction for unlawful sale.

FLOYD J. LASWELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, F. A. Medley, was arrested and tried under a warrant issued by a justice of the peace for Daviess county, which, omitting formal parts and signatures, says: "It appearing that there are reasonable grounds for believing that F. A. Medley has committed the offense of selling moonshine whiskey, intoxicating liquor, to another not for medicinal, mechanical, scientific or sacramental purposes on the — day of —— and within twelve months before the issual of this warrant, in the county of Daviess, you are, therefore, commanded forthwith to arrest F. A. Medley and bring him before me, a justice of the peace of Daviess county, to be dealt with according to law."

An appeal was prosecuted to the Daviess circuit court, where a general demurrer was filed to the warrant, which was overruled, and a plea of not guilty was entered, followed by another conviction of appellant, and to reverse the judgment pronounced thereon he prosecutes this appeal, relying solely upon the error of the court in failing to sustain his demurrer to the warrant, and upon collateral questions growing out of that alleged error. It is not insisted that the body of the warrant, describing the offense charged and its commission within the limiting period for its prosecution, as contained in the above excerpt, was insufficient for the purpose or otherwise legally defective, since there could be no tenable ground for such an insistence; but the argument is made in support of the alleged error in overruling the demurrer that the affidavit made and filed with the justice of the peace who issued it is itself insufficient to charge a public offense cognizable by the court, and with which we are inclined to coincide, because the affidavit does not state when the offense was committed by the appellant, nor does it fix its commission within twelve months prior thereto. The question, therefore, is, may the defects in the affidavit be considered on a general demurrer to the warrant? the answer to which raises the question as to the scope and effect of a general demurrer by a defendant to the accusatory paper under which he is charged.

The general scope and effect of a demurrer to a warrant charging one with a crime would necessarily be the same as that given to a demurrer to an indictment returned by a grand jury, since they are each appropriate accusations for final trial of offenses to which they are respectively applicable. The general rule as to such scope and effect is thus stated in 31 Corpus Juris 816, paragraph 397: "A demurrer to an indictment raises only this question: Do the charges and facts set out in the indictment constitute a violation of law? It cannot be used to present questions of fact. And objections by demurrer are discouraged where the questions can as well or better be raised as trial questions." And on page 818, paragraph 400, the same rule of practice is repeated in this language: "Only such matters as are apparent upon the face of the indictment or record, or of which judicial notice is taken, may be urged by demurrer." In subsequent portions of the text on page 816, it is said: "A demurrer on grounds not appearing on the face of

the *accusation* is sometimes called a speaking demurrer, and is properly overruled."

With us the correct practice is determined from the provisions of section 165 of the Criminal Code of Practice, which sets out five grounds to which a demurrer is appropriate, and they are: (1), that it appears from the indictment that the offense was not committed within the local jurisdiction of the court; (2), that the indictment does not substantially conform to the requirements of sections 122 and 124 of the same code, *i. e.*, that it fails to describe the offense in the manner therein prescribed; (3), that the accusatory paper is duplicitous or multifarious, contrary to the provisions of section 127 of the same code; (4), that the facts stated do not constitute a public offense, and (5), that it expressly contains matter which is a legal defense or a bar to the prosecution. So that, by express provision of the Criminal Code, no question is raised and no objection considered upon a demurrer other than those above enumerated, and which conforms to the general rule embodied in the above excerpt from Corpus Juris. Following that practice, as applied to civil cases in which the same rule prevails as does in criminal practice, except in so far as it may be modified by the Criminal Code, we have heretofore held that a demurrer is improper to correct a misjoinder of causes of action (Graziani v. Ernst, 169 Ky. 751); although by section 168 of the Criminal Code a misjoinder of offenses in an indictment or warrant may be reached by a demurrer thereto; a demurrer is inappropriate to eliminate from the pleading irrelevant matter. Hardy v. Russell, 181 Ky. 287. And in the case of Stephens v. Stephens, 189 Ky. 561, in stating the defects which may be reached by a demurrer to a pleading in a civil cause, the opinion says: "Hence, the issue raised by the demurrer must be determined from the facts set out in the pleading (or paper demurred to), and not from facts gathered from other sources, the truth and effect of which are not averred by the pleading."

From those references it is manifest that a demurrer is confined alone to the pleading to which it is filed, and raises no question except those presented on the face of that paper, be it a pleading in a civil cause or an appropriate accusation in a criminal prosecution. It is never applicable when, in order to determine the objection, evidence must be heard and collateral investigations made.

Therefore, the conclusion is inevitable that the objections to the affidavit for the warrant in this case could not be considered upon a demurrer to the latter; since, in order to determine the objection to the affidavit, it, or evidence of its contents, would have to be introduced, which could only be done by a collateral or preliminary investigation. Therefore, the court did not err in overruling the demurrer to the warrant in this case, since it contained on its face none of the grounds therefor as set out in section 165, *supra,* of the Criminal Code.

The remedy to reach the objection complained of is ordinarily known and designated as a motion to quash, but by section 158 of the Criminal Code is designated a "motion to set aside" the warrant or the indictment. The grounds for such a motion are broad enough to admit investigation of preliminary procedure such as the formation of the grand jury and other prior requisite steps as a basis for the accusation. It is doubtless true that a motion to quash or set aside the warrant or the indictment might be effective, or rather construed as a demurrer, if the objection appeared upon the face of the accusatory paper, but in no case within this jurisdiction, or any other, have we been able to find that collateral matters and facts may be reached or determined upon a demurrer when the objection did not appear upon the face of the accusation itself.

It is next insisted that the peremptory instruction offered by defendant directing his acquittal should have been given, and that the judgment should be reversed for the error in failing to do so. That contention is bottomed upon the theory that the affidavit for the warrant upon which defendant was arrested and tried, being defective, the warrant itself was void, and that all the evidence introduced by the Commonwealth was, for that reason, inadmissible. In fact that contention is but another way of urging the one we have already considered. If, however, it were not so and the evidence should have been excluded upon due objection made, defendant could not avail himself of the error in its admission under his motion for a peremptory instruction, since that motion raises only the *sufficiency* of the evidence and not its *admissibility*. Sorrells v. Commonwealth, 197 Ky. 761; Elmore v. Commonwealth, 201 Ky. 427, and Mullins v. Commonwealth, 204 Ky. 445. The sufficiency of the evidence in this case to sustain the conviction is not questioned nor indeed could be, since two witnesses swore

positively that the whiskey was purchased from defendant in his soft drink stand in the city of Owensboro, Kentucky.

It, therefore, results, that the court properly overruled the motion for a new trial and the judgment is affirmed.