BLOCKMAN *v.* STATE.[*]

(Division A.    Jan. 30, 1928.)

[115 So. 399.    No. 26708.]

1. CRIMINAL LAW. *Identity and presence of defendant, on conflicting testimony, held for jury.*

Testimony of person assaulted that defendant was the guilty person, and that of several others that defendant was at the time at another place, *held* to make a question for the jury.

2. INDICTMENT AND INFORMATION. *That name in indictment of person injured is not his true name is immaterial; it being that by which he is commonly and generally known.*

If name of person injured given in indictment be that by which he is commonly and generally known, though different from his true name, conviction will be sustained.

[*]Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 931, n. 5; Homicide, 30CJ, p. 120, n. 10 New; On necessity of stating name of person against whom offense committed, in indictment, see 14 R. C. L. 182; 4 R. C. L. Supp. 885.

APPEAL from circuit court of Newton county.
HON. G. E. WILSON, Judge.

John Blockman was convicted of assault with intent to kill, and he appeals.    Affirmed.

*J. D. Carr,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

COOK, J., delivered the opinion of the court.

Appellant, John Blockman, was convicted by the circuit court of Newton county on a charge of assault and

battery with intent to kill and murder, and sentenced to the penitentiary for the term of three years, and from this judgment this appeal was prosecuted.

Roger Dudley, the party who was alleged to have been assaulted, was offered as a witness for the state, and his testimony, if believed, fully and clearly established the crime charged, and he was corroborated by other witnesses as to the fact of the assault and battery, but not as to the identity of his assailant. The defense offered was an *alibi,* several witnesses testifying that the appellant was not at the scene of the difficulty, but was, at that time, some distance away at the home of one of the witnesses for the appellant. We think it was proper to submit this conflicting testimony to the jury, and that the testimony offered by the state was sufficient to sustain the verdict.

After the verdict was returned, the appellant filed a motion in arrest of judgment, on the ground that the indictment alleged that the assault and battery was made on Roger Dudley, while the proof showed that the correct name of the injured party was Roger Roberts. This motion was overruled, and the appellant assigns as error the action of the court in so doing.

The indictment charged that the appellant committed an assault and battery upon Roger Dudley, while the testimony of Dudley and other state witnesses was to the effect that the correct name of the assaulted party was Roger Roberts, but that he was commonly and generally known as Roger Dudley in the town and community where he resided, and where the assault and battery was alleged to have been committed.

If the name of the accused or of the injured party in an indictment be that by which such person is commonly and generally known, though different from the true name, a conviction of the crime charged will be sustained. *McBeth* v. *State,* 50 Miss. 81.

None of the other assignments present reversible error, and therefore the judgment of the court below will be affirmed.

*Affirmed.*