THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN H. MELLON, Defendant.

Court of General Sessions of County of New York, May 3, 1939.

*Thomas E. Dewey, District Attorney* [*Thomas F. Moore, Deputy Assistant District Attorney,* of counsel], for the plaintiff.

*Irving Jackman,* for the defendant.

FRESCHI, J. The defendant seeks an order " directing the insertion in all subsequent proceedings herein of the true name of the defendant, to wit, John H. Mellon, and that the title be amended accordingly and the words ' alias John E. Hardy ' be stricken therefrom."

The defendant avers that his true name is John Hardy Mellon. Whether or not this is true the district attorney has no knowledge.

This indictment, filed March 31, 1939, charges this defendant with the crime of grand larceny in the first degree and alleges he obtained the sum of $600 from the Morris Plan Industrial Bank of New York by color and aid of certain false representations. In this transaction he used the name of John H. Mellon and signed that name to an application for a loan which he submitted to the complainant corporation.

The opposing affidavit shows there was another indictment filed against this same defendant in the Court of General Sessions on

May 11, 1937, in which the defendant was charged with the crime of grand larceny in the second degree under the name of John E. Hardy; and by a superseding indictment, filed December 30, 1938, he was charged with the same crime under the name of John E. Hardy alias James H. Harley. That indictment charged the defendant with obtaining money from the Modern Industrial Bank under false pretenses; and in that transaction he went under the name of James H. Harley and signed that name to documents which were submitted to the complainant bank. In the trial of that case the defendant answered to the names by which he was described therein, and he was acquitted.

Before the filing of the indictment now pending against the defendant he stated to the deputy assistant district attorney, who presented the case to the grand jury, that he used the names John E. Hardy and John H. Mellon interchangeably for the last fifteen years.

The records of the New York city police department and of the Federal Bureau of Investigation indicate that the defendant was arrested in New York county as far back as 1919 under the name of John Hardy. They further indicate that he was arrested in Syracuse, N. Y., in 1920 under the name of Sam P. Johnson; that he was arrested in 1921 under the name of John Miller in Kansas City, Mo.; that he was arrested under the name of John Johnson in Denver, Col., in 1924; that he was twice arrested under the name of Sam Johnson in Buffalo, N. Y., in 1924; that he was arrested under the name of John S. Hardy in Philadelphia, Pa., in 1927; that he was arrested under the name of John Hardy in New York city in 1929; that he was arrested under the name of John Howard Hardy in Philadelphia, Pa., in 1934; that he was arrested under the name of John Mellon in 1936 in Brooklyn, N. Y.; that he was arrested under the name of John B. Martin in 1936 in New York city, and that he was arrested under the name of John E. Hardy in New York city in 1937.

The district attorney argues that if the defendant's motion were granted there would be two indictments among the records of the clerk of the Court of General Sessions against the same man under two different names and there would be nothing to indicate that the same person was the defendant in both indictments; and he further contends that the defendant should not now be heard to complain that a later indictment describes him both by what he says is his true name and the name which he has previously used in this court.

The defendant cites section 277 of the Code of Criminal Procedure as a basis for granting relief herein sought. That section

provides that when an indictment is amended by inserting what is discovered to be the true name under which he was indicted the name shall be referred to in subsequent proceedings.

I agree with the argument that our law goes far in protecting persons charged with crime from all forms of prejudicial treatment, but it does not go to the extent of holding that when a defendant in a criminal action has gone through life using a variety of names he must be described in an indictment under the name used by him in the criminal action therein charged. If a man by his own conduct renders it doubtful what his real name is, he is answerable for the consequences. (See Chitty's Criminal Law [3d Am. ed.], chap. V, p. 203, footnote 1.) I think the principle of estoppel applies to him as he now pleads misnomer of his surname. The purpose of placing names in the title of an indictment is to fix the identity of the accused, and this cannot be adequately accomplished without the use of all names under which the defendant is known, at least in the court in which he is to be tried. The general rule is that one may be designated in legal proceedings by the name or names by which he is commonly known. (See *Proctor* v. *Nance*, 132 Am. St. Rep. 555, 572, footnotes.) Such designation is in its nature *descriptio personæ* and need not be proved on the trial. (*Commonwealth* v. *Lewis*, 1 Metc. [Mass.] 151.) The omission of the Latin word " dictus " is not material. (*Kennedy* v. *People*, 39 N. Y. 245; 2 Wharton's Criminal Evidence [11th ed.], § 1049, p. 1848.)

The cases of *Baldwin* v. *Rice* (147 App. Div. 347) and *People* v. *Cook* (197 id. 155), cited by defendant's counsel in support of his motion, do not apply. Section 310 of the Code of Criminal Procedure provides that if, when arraigned, the defendant alleged that another name is his true name, the court must direct an entry thereof in the minutes of the arraignment, and the subsequent proceedings of the indictment may be had against him by that name, referring also to the name by which he is indicted. In *People* v. *Everhardt* (104 N. Y. 591) the court stated that it is not error to permit the swearing of jurors and witnesses by using the defendant's name and his aliases in the oath in the absence of proof that a juror has been prejudiced by reason of numerous aliases. (See, also, *Barnesciotta* v. *People*, 10 Hun, 137, 139, in which case the defendant was named as John Barnesciotta, otherwise called Garibaldi.) The court said: " The true name preceded the *alias dictus*, and in such case a plea in abatement will not be sustained. (*Reid* v. *Lord*, 4 Johns. 118.) It was quite immaterial whether the plaintiff in error was ever known by the name of Garibaldi, and the indictment did not so aver. If his true name be John Barnesciotta,

as the plea in abatement must be taken to admit, then the *alias dictus* becomes wholly immaterial, and is not capable of working prejudice to the plaintiff in error." (Affd., 69 N. Y. 612.) In *People* v. *Seidenshner* (210 N. Y. 361) the court said: " Counsel for the defendants assert that error was committed on the trial because the defendants were described by ' nicknames, opprobious and insulting in their character, carrying in their very terms implications against the morality, the method of life and nationality of the various defendants.' It is necessary in an indictment to name the person charged with crime, and where the person is known by one or more names it is not error but many times necessary or desirable as a matter of description to give the several names by which the person indicted is known."

There is no provision in the Code which would warrant a defendant to have his aliases expunged from the indictment, but he may only have his true name inserted where he has been described by a fictitious name. (Code Crim. Proc. § 284, subd. 3.) The word *alias*, as used for *alias dictus*, indicates not that the accused bears both names, but that he is called one or the other. (See *Ferguson* v. *State*, 134 Ala. 63; 32 So. 760; *Noblin* v. *State*, 100 Ala. 13; 14 So. 767; *Leslie* v. *State*, [Tex. Crim.] 47 S. W. 367.) If a person is known by more than one name, either may be used. (Wharton's Criminal Pleading [9th ed.], § 98; 1 Chitty's Criminal Law [3d Am. ed.], p. 203; *People* v. *Leong Quong*, 60 Cal. 107; *State* v. *Bell*, 65 N. C. 313. See, also, *People* v. *Maroney*, 109 Cal. 277; 41 P. 1097.)

The only case the court has found in support of the defendant's contention is *Roberts* v. *State* (83 Tex. Crim. 139; 201 S. W. 998), where a defendant, indicted under an alias, was entitled to plead under whatever name he thinks proper and to have the indictment changed to conform to the name he gave; but this rule has not been adopted and followed in this State. Furthermore, it seems to the court that where the defendant appears and pleads not guilty to the indictment he cannot afterward take advantage of any error with respect to his names. That was the rule at common law when a plea in abatement was presented upon the ground of misnomer, and seems to be followed now, unless the objection would warrant an arrest of judgment to prevent a miscarriage of justice, as provided by the Code of Criminal Procedure.

For the reasons assigned, the motion to omit the words " alias John E. Hardy " from the indictment is denied.