Larry Dale DUNN, Indicted by the Name of
Larry Dale Barrnett, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 13, 1961.

Rehearing Denied Dec. 1, 1961.

**710**

William E. Johnson, Darnell & Johnson, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

On April 13, 1960, appellant, who was then 20 years of age, and two others were indicted by the Franklin County grand jury for the crime of housebreaking. On May 21, 1960, all three were arraigned and entered pleas of guilty, and on the following June 18th each was sentenced to the penitentiary for two years. Up to this time none of these persons was represented by counsel.

Appellant, immediately after he was sentenced, obtained the services of attorneys and on June 21, 1960, moved to stay the judgment and sentence and also filed a motion and grounds for a new trial. He filed an affidavit in which, briefly stated, he said he did not understand he was to have been arraigned for the purpose of making a plea; he had never been asked if he desired counsel; and it had been his intention to employ counsel to defend himself against the charge. On June 27, 1960, the Honorable William B. Ardery, the then circuit judge of the Franklin Circuit Court, entered an order which stated, in part: "That there is some doubt in the court's mind that the defendant (appellant) entered a plea of guilty to the charge * * *;" and thereupon directed that the judgment and the sentence of June 18, 1960, be set aside, and that appellant's motion for a new trial be sustained.

Appellant was thereafter tried by a jury on November 18, 1960, and found guilty. On November 25, 1960, judgment was rendered on the verdict, sentencing him to serve two years in the state penitentiary. He appeals, urging these grounds for reversal:

The lower court erred (1) in not sustaining the demurrer to the indictment; (2) in not arraigning appellant prior to trial or at the time of trial so that he might plead to the indictment; (3) in not granting a continuance because of the absence of two witnesses; (4) in not permitting defense counsel to cross-examine a person testifying as an accomplice concerning prior statements which contradicted the testimony of this person at the trial; (5) in not giving a directed verdict in behalf of appellant because it is claimed a case was not made

out against him; and (6) in not instructing the jury on all the law of the case.

Appellant sought to abate the prosecution instituted against him by demurring to the indictment on the grounds: (a) That it accused Larry Dale *Barrnett* of committing the offense of which he, appellant, was convicted, whereas the latter's name in truth and in fact is Larry Dale *Dunn*; and (b) that it did not mention the owner or occupant of the house appellant was charged with breaking into. The demurrer was overruled, the indictment was ordered amended on its face to show appellant's real name, Larry Dale Dunn, and, over appellant's objection, the trial was directed to proceed at once.

 Section 125 of the Criminal Code of Practice provides that an error as to the name of the defendant shall not vitiate the indictment. In Combast v. Commonwealth, 137 Ky. 495, 125 S.W. 1092, it was held that, upon discovery, such an error may be corrected at any stage of the proceedings. Then, too, it is well established in the law that a person may be indicted by other than his true name, so long as he is commonly known by the name used in the charge preferred against him. See Blockman v. State, 149 Miss. 212, 115 So. 399; Johnson v. State, 126 Tex.Cr.R. 356, 71 S.W.2d 280; People v. Mellon, 171 Misc. 171, 11 N.Y.S. 2d 786; Romans v. State, 178 Md. 588, 16 A.2d 642.

 Appellant did not at any time state to the trial court he had never been known by the name under which he was indicted; and it has been held that a failure to do this is a ground for disallowing a claim of misnomer. See Wharton's Criminal Law and Procedure, Vol. 4, sec. 1894, p. 705, citing United States v. Janes, D.C., 74 F. 543, and other cases. See also Ward v. State, 242 Ala. 307, 6 So.2d 394; Livingston v. State, 108 Fla. 193, 145 So. 761, corrected 113 Fla. 391, 152 So. 205; Waldron v. State, 41 Fla. 265, 26 So. 701; Stinchcomb v. State, 119 Ga. 442, 46 S.E. 639.

The record discloses that, following the indictment which resulted in his arrest on a bench warrant, appellant executed bond for his appearance before the Franklin Circuit Court at a specified future date, and in affixing his signature to the recognizance employed the name, Larry Dale Barrnett. This act, whatever the reason that prompted it, leads us to believe he may have been sometimes known by the surname Barrnett or may have used it on occasions as an alias.

 In the final analysis a plea in abatement, not a demurrer, is the proper means of pleading a misnomer. In Bishop's New Criminal Procedure, Vol. 2, sec. 677, it is stated: "The purpose of requiring the name of the defendant is identification. Hence, only by a plea in abatement, *wherein the defendant states his true name*, can he take advantage of an error therein; in the absence whereof he will be conclusively presumed to be the one meant, whatever the real fact." (Emphasis added.) On this same point we stated in Medley v. Commonwealth, 207 Ky. 83, 268 S.W. 820, 822, that a demurrer interposed to an indictment in a criminal case "is never applicable when, in order to determine the objection, evidence must be heard and collateral investigations made."

 Nor is there any merit in appellant's contention that the indictment was also defective because it did not state the name of the householder living in the dwelling he allegedly broke into. The indictment accused him and two other persons jointly with "breaking and entering into the dwelling of another," etc. Even a casual reading of KRS 433.180, the law he was said to have violated, will reveal that there is no requirement imposed on the Commonwealth by this statutory provision to allege or prove the name or names of the owner or occupant of the house forcibly entered. Clearly the premises in question were sufficiently described to apprise appellant of the specific charge made against him. Appellant cites no authority

for the position taken, and we have found none to support the point he attempts to substantiate.

At the trial on November 18, 1960, appellant requested a re-arraignment, which was denied, and he claims this was a prejudicial error amounting to a denial of due process. The record recites that appellant was formally arraigned on May 21, 1960, on which day, as we have shown, he entered a plea of guilty to the charge of housebreaking. Later, a judgment sentencing him to two years in the penitentiary was entered. On June 27, 1960, as noted above, this judgment was set aside and a new trial granted. He was not arraigned again after the last-mentioned date, and was retried on the date first above mentioned on the same indictment after it had been amended on its face.

■ ■ The purpose and necessity of an arraignment is to fix the identity of the accused, to inform him of the nature of the charge preferred against him, and to give him an opportunity to plead thereto. See 14 Am.Jur., Criminal Law, sec. 249, p. 939; Bishop's New Criminal Procedure, Vol. 2, sec. 728, p. 574. The record indicates these requirements were observed, even though the judgment embracing a two-year sentence, entered after appellant pled guilty, was subsequently set aside and a new trial was awarded. Although the trial judge, in acting to pave the way for a new trial, stated in his order he maintained some doubt that appellant had entered a plea of guilty, such a statement is contrary to other language contained in the record. This shows unequivocally that appellant entered a plea of guilty at his arraignment on May 21, 1960. Unquestionably, when the trial judge declared he was uncertain in his own mind "that he defendant (appellant) entered a plea of guilty to the charge" we believe he intended to imply that appellant may not have understood the significance of his action in so pleading. The plea of guilty previously noted makes any other interpretation of this statement of the trial judge illogical.

In setting aside the judgment and sentence of June 18, 1960, no new charge was brought against appellant which would necessitate his being arraigned a second time. Furthermore, the effect of the arraignment of May 21, 1960, was not nullified by the action of the circuit court in taking the steps required to allow appellant a jury trial on the same charge at a later date. Therefore, we conclude appellant answered the charge once by a plea of guilty after identifying himself as the man indicted and learning the nature of the accusation. Another arraignment under the circumstances would have been nothing more than a meaningless gesture.

Complaint is next made that the trial court erred in failing to grant a continuance due to the absence of two witnesses of appellant's whose evidence, it was averred, would have been material. Affidavits were filed in support of the motion for a continuance which alleged in substance that these witnesses, if present, would testify appellant was taken to his home by them on the evening of the crime at 10:30. As the offense of which appellant was convicted occurred at midnight, ninety minutes after he was supposedly brought to his home by the absent witnesses, their evidence would have had little if any probative value as to his whereabouts when the dwelling house was illegally entered. Although the record fails to show the distance from appellant's home to the scene of the break-in, it is located in Franklin County and it may not be reasonably supposed it could not be reached in ninety minutes driving time.

■ It has been consistently held by this Court that the granting of a continuance in criminal cases is within the sound discretion of the trial judge and that this discretion will not be interfered with unless it has been plainly abused. See Toler v. Commonwealth, 295 Ky. 105, 173 S.W.2d 822, and the many cases cited therein on

this point. It seems to us the evidence appellant claims was important to his defense, as set forth in his affidavits, can scarcely be considered relevant. The vital thing in this connection would have been for him to have procured witnesses who were able to testify he was at home when the crime was perpetrated. Had he found such witnesses, and they had been subpoenaed but were absent, there would have been a valid reason for granting a continuance. We see no error, therefore, in the refusal of a continuance under the facts presented.

Appellant contends it was improper for the trial court to deny appellant's counsel the right to cross-examine Willie Lee Carrier, a prosecution witness, as to prior inconsistent statements made by him to appellant's counsel while said counsel was representing Carrier. The latter had also been charged with the same offense as appellant but had confessed to complicity in the crime and had taken the stand to testify in behalf of the Commonwealth. It was brought out before the trial judge out of the presence of the jury that Carrier had previously told appellant's counsel, who were then acting as his attorneys, that he had not been involved in and had no knowledge of the alleged entry. At appellant's trial, Carrier testified he had participated in breaking in the dwelling and that appellant was present also. The court held these prior communications were privileged under KRS 421.210(4), which reads:

"No attorney shall testify concerning a communication made to him, in his professional character, by his client, or his advice thereon, without the client's consent."

Appellant cites as controlling an annotation in 51 A.L.R.2d 528, wherein it is stated: "Although there is some authority to the contrary, it has been held or recognized in a number of cases that where an accomplice turns state's evidence and attempts to convict others by testimony which also convicts himself, he thereby waives the privilege against disclosing communications between himself and counsel." Cases from Michigan, Mississippi and New York are cited.

This Court has said that KRS 421.210(4) is declaratory of the common law rule and hence applies to criminal as well as civil matters. Cummings v. Commonwealth, 221 Ky. 301, 298 S.W. 943. The communication likewise remains privileged after the attorney-client relationship ceases. Standard Fire Ins. Co. v. Smithhart, 183 Ky. 679, 211 S.W. 441, 5 A.L.R. 972. Our search has failed to reveal any case of this forum which holds that a client cannot be cross-examined on a privileged communication; however, the implication that this cannot be done seems obvious, since the protection afforded by the statutory provision is for the client's exclusive benefit and if the privileged communication, which is precluded in the attorney's direct testimony, can be obtained indirectly by cross-examination of the client, then the privilege afforded by the statute would be worthless. We do find a federal case decided in this state which held that the client's own testimony was just as privileged as the attorney's himself. See In Re Turner, D.C., 51 F.Supp. 740, citing other authorities. See also Herman v. Schlesinger, 114 Wis. 382, 90 N.W. 460, 91 Am.St. Rep. 922; Myles E. Reiser Co. v. Lowe's, Inc., 194 Misc. 119, 81 N.Y.S.2d 861. We believe the correct rule should be that immunity extends to the client as well as to the attorney.

Appellant argues that the trial court erred in failing to direct a verdict for him at the close of the prosecution's case since there was no showing of a breaking as required by law to sustain the indictment. Lt. Rollie Johnson of the Kentucky State Police, who assisted in investigating the case, testified there was no evidence of a forcible entry. Mrs. Ronald Brooks, the householder whose dwelling was entered, testified she "locked" the door upon leaving the premises by removing the door knobs. There was also evidence that the door was

standing open far enough to permit passage through it without its being opened further. Carrier entered the house after appellant, he claims, but did not see appellant open the door.

In Little v. Commonwealth, 151 Ky. 520, 152 S.W. 569, a prosecution for housebreaking, which is relied upon by appellant as sustaining the position taken by him, there was no evidence whatsoever to show how an entrance was effected and because of this lack of proof, the judgment of conviction was reversed. In Wallace v. Commonwealth, 162 Ky. 85, 172 S.W. 118, which is also cited by appellant, this Court held that the defendant in a housebreaking case was entitled to a directed verdict, when the only evidence the householder could supply was that the house was closed up when she left it and that she had no idea how burglars could have gained entry into it.

In a case such as the one before us, it has been held that merely pushing an already open door to open it further and thus enable a person to effect an entrance is all the force requisite to constitute a breaking within the meaning of the law. Gibson v. Commonwealth, 204 Ky. 748, 265 S.W. 339. In the case of Rains v. Commonwealth, 293 Ky. 429, 169 S.W.2d 41, a housewife, in leaving her home, locked her door by winding a string attached to the door around a nail, and, upon returning found the string twisted around the nail in a different fashion from the way she had wound it. These facts were held sufficient to show a housebreaking. From the evidence given by Mrs. Brooks that she locked the door of the house and removed the door knobs, the jury could reason that a door which was closed in such a manner, and later found open, must necessarily have been forced.

Appellant takes the position that, aside from the confession made by him to Lt. Rollie Johnson of the Kentucky State Police, no evidence was introduced which would conclusively prove his guilt, and that the lack of such other evidence in this respect made it error for the trial court not to instruct pursuant to Section 240 of the Criminal Code of Practice.

In Rains v. Commonwealth, supra, it was held that finding stolen property in the possession of the defendant, or producing the evidence of a person who stated he obtained such property from the defendant, plus the showing of a breaking and entering into a dwelling and taking property therefrom, makes out a prima facie case of housebreaking against a defendant.

In this case the breaking into the dwelling was established through the testimony of an occupant. It was also proven appellant had possession of and sold certain property stolen from the dwelling. In addition, the testimony of an accomplice placed appellant at the scene of the crime when it was committed. Obviously, there was strong substantive evidence, independent of the confession, which would support the conviction.

This Court has consistently held that where the corpus delicti has been established by evidence other than the alleged confession of the defendant, which was done in this case, it is unnecessary to instruct under the foregoing Code section. See Gilliam v. Commonwealth, 263 Ky. 342, 92 S.W.2d 346; Herron v. Commonwealth, 247 Ky. 220, 56 S.W.2d 974, and Tappan v. Commonwealth, 245 Ky. 750, 54 S.W.2d 333. The trial court properly refused to give the instruction under the facts presented.

A final complaint is that appellant's offered instruction concerning the weight to be given the testimony of the accomplice, Willie Lee Carrier, should have been submitted to the jury. See Section 241 of the Criminal Code of Practice. We do not agree. If there is, apart from the evidence of the accomplice, doubt as to whether the crime has been committed the question should be left to the jury under an instruction as provided by this Code section. However, under our authorities it is not error to fail to give the accomplice instruction where, as here, the accused's guilt has

been proven by ample material evidence which, standing alone, would tend to convict him. See Combs v. Commonwealth, Ky., 341 S.W.2d 774; Chaney v. Commonwealth, Ky., 307 S.W.2d 770; Magruder v. Commonwealth, Ky., 281 S.W.2d 716; and Sizemore v. Commonwealth, Ky., 262 S.W.2d 817.

Wherefore, the judgment is affirmed.