**COMMONWEALTH of Kentucky,**
**Appellant,**

**v.**

**Jane DOE, aka "Bear", Appellee.**

Court of Appeals of Kentucky.

June 6, 1975.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellant.

Andrew B. Dennison, Cincinnati, Ohio, Richard R. Slukich, Covington, for appellee.

STEPHENSON, Justice.

A Kenton County grand jury returned an indictment against Douglas Sweeney and Jane Doe, also known as "Bear." The indictment charged the defendants with the offense of trafficking in controlled substances, KRS 218A.140(1).

The appellee, Betty Jo Stewart, subsequently appeared before the trial court and moved to dismiss the indictment upon the ground that the caption of the indictment "Jane Doe, aka 'Bear,' " was legally insufficient to identify appellee as the person charged.[1] The Commonwealth moved to amend the indictment pursuant to RCr 6.16 to substitute the name Betty Jo Stewart for that of Jane Doe, aka "Bear."

The trial court overruled the motion to amend and sustained appellee's motion to dismiss the indictment. The Commonwealth appeals; we reverse.

We are of the opinion that Jane Doe, aka "Bear," is legally sufficient to identify a person charged in an indictment. The indictment charges the person with the offense; the name identifies the person. ". . . [I]t is well established in the law that a person may be indicted by other than his true name, so long as he is commonly known by the name used in the charge

---

1. Although it is not shown in the record, we assume from argument that this appearance resulted from the service of a bench warrant.

preferred against him." Dunn v. Commonwealth Ky., 350 S.W.2d 709, 711 (1961).

We do not agree with appellee's contention that Jane Doe, aka "Bear," is completely anonymous. Use of Jane Doe alone would be, however, we are not persuaded that "Bear" is not a name that sufficiently describes a person. We do not know of any reason why the Commonwealth could not proceed to trial against "Bear." It has only to show that "Bear" is the person charged in the indictment. The purpose of requiring the name of the defendant is for identification. It is significant that during the trial of a criminal case, a witness will point out the defendant as a person in making an identification and not just state the name of the defendant.

RCr 6.16 provides that "[t]he court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense was charged and if substantial rights of the defendant are not prejudiced."

■ The provisions of the Criminal Code, § 125, which provided for amendment of indictment if error is discovered as to the true name of the defendant, cited in Dunn, supra, are certainly incorporated by inference in RCr 6.16. We hold that the amendment of an indictment to correct error in the name of the person charged is a matter of form and not of substance.

■ If the appellee is commonly known as "Bear," we cannot see how her substantial rights would be prejudiced by amendment to show her true name. The appellee challenges the indictment solely on the ground that her substantial rights were violated by insufficient specificity in the name on the indictment. She did not state to the trial court that she had never been known by the name under which she was indicted. From this we infer an admission of being commonly known by the name "Bear." Dunn, supra.

The trial court is directed to set aside the order dismissing the indictment, to permit the Commonwealth to amend, and to dispose of the case by trial.

All concur.