## T. M. BETTS v. THE STATE.

### No. 39. Decided December 8, 1909.

**1.—Murder—Name of Party Injured—Variance.**

Where, upon trial for murder, the indictment charged the name of the injured party to be Rozella, and the evidence showed that she was usually called Eva, but that her name was Eva Rozella, and that she was sometimes called Rozella, there was no variance.

**2.—Same—Election by State—Charge of Court.**

Where the indictment charged defendant with murder in one count, and in another with conspiracy to kill, and the court submitted to the jury the issue of homicide alone, this constituted an election. Following Parks v. State, 29 Texas Crim. App., 597.

**3.—Same—Evidence—Animus of Defendant.**

Upon trial for murder by defendant of his infant child by means of whipping, striking, smothering and strangling, etc., there was no error to admit testimony by the State that defendant whipped deceased severely at times with a certain belt which he wore around his waist, and which had a buckle at one end of it, to show systematic cruel treatment, malice and ill-will on part of the defendant towards his child. Following Hall v. State, 31 Texas Crim. Rep., 565.

**4.—Same—Charge of Court—Weight of Evidence—Singling out Facts.**

Where, upon trial for murder, the evidence showed, as charged in the indictment, that the deceased child came to its death by strangulation, smothering or asphyxiation, or possibly by a blow on its head, and there was no evidence showing that it came to its death by means of whipping, it was reversible error in the court's charge to predicate the death of the child on the fact that defendant whipped his child with his waist belt.

**5.—Same—Charge of Court—Means Used.**

Upon trial for murder, where the court predicated his charge on the fact that defendant whipped his child to death with his waist belt, he should have submitted, if such fact was in evidence, article 717, Penal Code, as such waist belt was not itself a deadly weapon, and it could not be presumed that defendant designed the death of his child by the use of such means.

**6.—Same—Charge of Court—Presence of Defendant.**

Where, upon trial for murder, it was left in doubt whether defendant strangled his child, or caused its death by means of a blow causing a blood clot on its brain, the court should have instructed as requested, that, if defendant was not present at the time of the child's death, to acquit him, inasmuch that if the child's death was caused by strangulation he must necessarily have been present.

**7.—Same—Charge of Court—Cause of Death.**

Where, upon trial for murder, there was evidence that the death of deceased was caused by means of a blow causing a blood clot on the brain, and also that the deceased may have fallen out of bed and received such injury, the court's charge should have submitted the theory that, if such injury on the head caused the death of the deceased by other means than at the hands of the defendant, to acquit him.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of murder in the second degree; penalty, forty years imprisonment in the penitentiary.

The opinion states the case.

*Chandler & Pannill* and *Martin & George,* for appellant.—On question of introducing testimony that defendant whipped deceased with a strap: Crass v. State, 30 Texas Crim. App., 480; Chumley v. State, 20 Texas Crim. App., 547. On question of variance of name of party injured in indictment and proof: Steen v. State, 27 Texas, 87; McAfee v. State, 14 Texas Crim. App., 668; Spencer v. State, 34 Texas Crim. Rep., 65.

On court's failure to submit article 717, Penal Code, Graiger v.

State, 88 S. W. Rep., 208; Washington v. State, 53 Texas Crim. Rep., 480, 110 S. W. Rep., 751; Danforth v. State, 44 Texas Crim. Rep., 105, 69 S. W. Rep., 159.   On question of insufficiency of evidence, Lovelady v. State, 14 Texas Crim. App., 545.

*F. J. McCord,* Assistant Attorney-General, for the State, and *J. B. Keith,* of counsel, for the State.—On question of cruel treatment by defendant of deceased:   Young v. State, 49 Texas Crim. Rep., 207, 92 S. W. Rep., 841.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at a term of forty years in the penitentiary.

The facts briefly stated show that appellant was a schoolteacher, and the father of two children.   The child charged to have been murdered was his little daughter some two or three years of age, whose name was alleged in the indictment to be Rozella.   The evidence shows she was usually called Eva, but that her name was Eva Rozella Betts.   There is a variance claimed between the allegation and the indictment on account of this evidence.   The witnesses, however, testified that her name was Eva Rozella, generally called Eva, though sometimes called Rozella.   We are of opinion that under the authorities this did not constitute a variance.

1.   The indictment contained two counts, the first charging appellant with homicide, and the second charging that he and his wife conspired to kill the child.   It is contended the court should have quashed the indictment or required the State to elect upon which count it would proceed.   We are of opinion there is no merit, in this contention, for the court submitted alone the issue of homicide, and restricted the consideration of the jury to that count.   This was legally sufficient.   Parks v. State, 29 Texas Crim. App., 597.   The authorities cited by appellant are not applicable to the question here presented.

2.   It is also insisted the court committed error in admitting quite a lot of testimony from various witnesses to the effect that appellant was very cruel to his daughter in that he whipped her severely at times with what the witnesses called a "waist belt."   This was a belt worn by appellant around his body, and had a buckle on one end with which it was fastened to the other end when he wore it.   There is also some evidence to the effect that he may have used a quirt in whipping the child.   We are of opinion, under Hall v. State, 31 Texas Crim. Rep., 565, the court did not err in admitting this character of testimony. It was introduced to show the systematic and cruel treatment was out of all proportion to what would be correct punishment.   The evidence also in this connection shows that she had sores about her body produced by reason of these severe whippings.   This was admissible for

the purpose of showing the ill-will, malice and cruel treatment on the part of appellant towards his child.

3. Exception was reserved to the court's charge because it submitted, among other things, as predicate for a conviction, the fact that appellant whipped his child with the waist belt. We are of opinion this was error. It is shown by the State's testimony that he had not chastised the child with the belt for about two months. One of the State's witnesses testified that she took the belt away from appellant something like two months before the death of the child and put it in her trunk, and appellant had not since had access to it. This, therefore, could not form a predicate for a conviction; and it may be further stated that the physicians who testified in regard to the probable cause of the death excluded all idea that the whipping did it. Three physicians examined the body of the child in the morning directly after its death, and came to the unanimous conclusion that the child had died from strangulation, smothering or asphyxiation. In the evening of the same day they made an autopsy, and two of the physicians came to the conclusion that the child died from the effects of a blow upon the head, and the State introduced evidence to the effect that there was a hair brush with the handle broken off in the room where the child is said to have died. The theory of two of the physicians was, and their statements were to the effect and such was their conclusion, that from a blow on the head there had been caused an effusion of blood on the brain, which produced the death. There was, therefore, no evidence in this record to justify the court in submitting the theory that the whipping produced death, and, therefore, it could not have been the cause of the death. In fact, there is no evidence showing that such was the case, and all the evidence excludes the idea that the child came to its death by means of the whipping. It is contended also, in this connection, by appellant, that having given this charge with reference to the whipping, the court should have charged article 717 of the Penal Code, which is as follows: "The instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the party offending; if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." Having given the charge criticised, we are of opinion the court should have given in charge the above quoted article. The belt was not a deadly weapon, nor one ordinarily likely to produce or bring about death. Therefore, having given the charge with reference to the homicide by means of the whipping, the court should have instructed the jury with reference to this particular article. This was not done. There was error, therefore, in giving that portion of the charge criticised as well as error in failing to give article 717 of the Penal Code in connection with the charge given.

4. The evidence for the State conclusively shows that appellant was not present at the time his child died, but was absent, and had been for some time, an hour or two, following his vocation of teaching school. The witness Lena Jones testified she went into the room where the child was and it was then dying. That appellant was not there, but was absent as above stated attending to his duties as teacher of the negro school. The court charged the jury in this connection that if they should fail to find that appellant was present at the time of the child's death, they would acquit—in other words a charge on alibi was given. The physicians testified that from their examination in the morning the child died from strangulation or choking. In the evening, after the autopsy, two of the physicians changed their minds about the cause of the death, and said it was produced from effusion of blood on the brain caused by a bruise on the head. The other physician maintained and so testified that the child died from strangulation or smothering. Under these circumstances, the criticism of the court's charge is, we think, correct. The jury should have been instructed pertinently and affirmatively that if the child died from smothering, or choking; or strangulation, they could not convict. Appellant, as before stated, had been absent from the house where the child was found dying an hour or two. Therefore, if the child came to its death by being choked, strangled or smothered, appellant could not be responsible for its death. In this connection, appellant asked a special charge in specific language that if the child died under the circumstances stated, the jury should acquit, which was refused and exception also reserved to the refusal to give such charge.

Upon another trial the court should also charge the jury affirmatively that if the child came to its death by falling out of the bed and striking its head upon the floor, and we would say, in a general way, further, to charge the jury that if the blow was inflicted upon the head or such injury caused by other means than at the hands of appellant, they should acquit, if they should find that the child came to its death by reason of such blow or hurt. The evidence is more circumstantial than otherwise that the child was struck by a hair brush. No one testifies such was the case, and the inference is only deducible from the fact that a hair brush was found in the room with the handle broken off.

From what has been said above it is deemed unnecessary to go further into a discussion of the various exceptions and criticisms of the charge. What has been said sufficiently indicates how the case should be tried, and the charges given with reference to the evidence found in the record.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*