## Junny Reneau v. The State.

No. 10696. Delivered March 2, 1927.

**Assault With Prohibited Weapon—Indictment—Insufficient.**

Where an indictment charged that "one Junny Reneau did, while then and there unlawfully carrying on and about his person knuckles made of any metal or hard substance, in and upon Robert English, make an assault," etc., such indictment is fatally defective in that it fails to aver that the assault was made with such prohibited weapon. See Art. 1151, C. C. P. 1925.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of an assault with a prohibited weapon, penalty one year in the county jail.

The opinion states the case.

*G. H. Crane* of Dallas, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction of assault with a prohibited weapon, punishment one year in the county jail.

There is no statement of facts. The record, however, shows that appellant filed a motion in arrest of judgment based on the alleged insufficiency of the indictment. Omitting formal parts, the indictment charges "that one Junny Reneau * * * did while then and there unlawfully carrying on and about his person knuckles made of any metal or hard substance, in and upon Robert English, make an assault, contrary to the form of the statute," etc. Art. 1151, 1925 P. C., provides: "If any person shall willfully commit an assault * * * with a pistol, * * * knuckles made of any metal, etc., while the same is being carried unlawfully by the person committing said assault, he shall be deemed guilty," etc. It is evident that the indictment should have alleged and the proof showed, not only that the prohibited weapon was being unlawfully carried by the assailant, but also that the assault was made with such prohibited weapon. Examination of the indictment in the instant case makes it plain that same wholly fails to allege that the assault was made by the use of the prohibited weapon.

Believing the contention of appellant sound, and that the indictment is insfficient because it fails to allege that the assault

was made with the prohibited weapon, it would follow that the learned trial judge was in error in overruling the motion in arrest of judgment.

The judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*