## J. GOOL JOHNSON v. THE STATE.

No. 16590. Delivered April 25, 1934.
Rehearing Denied May 23, 1934.

The opinion states the case.

*B. W. Baker,* of Carthage, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment assessed at confinement in the State penitentiary for a term of 7 years.

The testimony shows that on the night of August 21, 1933, Mangrum Haywood, some times called "Manuel Haywood," was killed near a negro church in Panola County, Texas, by one Orange Melton Landers, commonly called "Slim." There had been some ill feeling between the deceased and Landers and threats had been made by the deceased against Landers which were communicated to said Landers on the day of the alleged homicide but prior to the killing. On the day prior to the alleged homicide, Landers and the appellant, J. Gool Johnson, were working together in a field of Jack Butler by whom they were employed as farm hands. They slept together in the same house and on the day of the alleged homicide they ate supper at the home of Jack Butler. After supper, Landers, who had

theretofore procured a double barreled shotgun, went to the negro church in company with the appellant. The deceased and his wife were also at the church and after the services were over the deceased and his wife started home. On their way, the appellant caught up with them and went with them a short distance, when he requested the deceased to wait a minute. The deceased then told his wife to go on, that he would catch up with her, which she did, but after she had walked some 20 yards she heard appellant say, "Here he is, I got him," and then she heard the gun fire. After the gun fired, she head the deceased exclaim, "Slim, don't shoot me, help, don't let Slim shoot me," and then she heard Slim Landers say, "Fall G—d— you." The wife of the deceased then went back to where the deceased was and about two minutes after the shooting Landers came out of the wood beside the road with a double barreled shot gun to where the appellant was and they both then crossed the road and went to the home of Mr. Butler. The testimony also shows that within 15 or 20 minutes after the deceased was shot, he said, "This is bad to be led in a thing like this. I am soon going in and J. Gool is the cause of it." The deceased was shot across the chest and also across the abdomen and disemboweled. He died about 30 or 40 minutes after being shot. The appellant did not testify but he proved threats that were made by the deceased against Slim Landers and also proved a good reputation for himself as a peaceful, law-abiding man.

By bill of exception No. 1 appellant complains of the action of the trial court in overruling his motion to quash the indictment because it is alleged in the indictment that the name of deceased was Manuel Haywood, when in truth and in fact his name was Elbert Haywood. We do not believe there was any error in this respect. The indictment upon its face appeared to be regular and whether or not his name was Manuel Haywood or Elbert Haywood depended upon testimony, and therefore the court could not in advance of the trial determine whether his name was Manuel or Elbert.

By bill of exception No. 2 the appellant complains of the action of the trial court in not directing a verdict of acquittal because the evidence shows that the name of deceased was Elbert Haywood, but commonly called Mangrum Haywood and not Manuel Haywood. The court's qualification to the bill shows that the deceased was known by the name of Manuel Haywood and received mail in that name. Besides, the court in his charge instructed the jury that if they believed from the evidence that deceased was not commonly known by the name of Manuel

Haywood, or if they had a reasonable doubt thereof, to find the defendant not guilty. We are of the opinion that the appellant's contention is not well taken. A similar question was before this court in the case of Hunter v. State, 8 Texas App., 75, where the question was decided adversely to the appellant. See also Betts v. State, 124 S. W., 424.

By bill of exception No. 3 appellant complains of the action of the trial court in admitting as evidence the following declarations of the deceased after he had received the mortal wound, to-wit: "This is too bad to be led in a thing like this. I am soon going in and J. Gool is the cause of it," to which the appellant objected because a sufficient predicate had not been established to make the same admissible as a dying declaration in that it was not shown that deceased at the time was conscious of approaching death. The court in his qualification to the bill states that in connection with the statement objected to the deceased said, "I am soon going in." We are of the opinion that the testimony was admissible both as res gestae and as a dying declaration under the rule announced by this court in the case of Fleming v. State, 114 S. W., 382, and Fuller v. State, 48 S. W., 183.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant sets up two grounds in his motion for rehearing. He first urges that his motion to quash the indictment should have been sustained because of a variance between the name of the alleged injured party as set out in the indictment, and as made by the proof. It is plain that this would be a matter of which appellant could only take advantage, by objections to testimony and a claim of the insufficiency thereof. Appellant did object,—as is manifested by his second bill of exceptions,—to the testimony of the State on the ground of variance.

The rule seems to be in this State that if the injured party be known or sometimes called by the name alleged, this would suffice. See Williams v. State, 53 S. W., 859; Betts v. State, 57 Texas Crim. Rep., 389; Stokes v. State, 46 Texas Crim. Rep., 358. The wife of deceased swore "My husband was known as Manuel. He received mail in that name." Other witnesses re-

ferred to deceased as Manuel. Many witnesses said his given name was Mangrum. The claimed variance was between the first name of deceased, which was alleged to be Manuel, and the proof which appellant urges to have shown that said first name was Mangrum. Inasmuch as there was proof before the jury that the deceased was known as Manuel, this was enough. The matter of whether deceased was commonly known by the name attributed to him in the indictment is not the test. Our statute says: "When a person is known by two or more names, it shall be sufficient to state either name." Article 401, C. C. P. The matter is discussed and authorities cited in section 460 of Mr. Branch's Annotated P. C. We further observe that the question of whether deceased was known by the name of Manuel, was submitted to the jury appropriately by the trial court, and they evidently found affirmatively for the State on this issue. We are not able to hold that the record is without testimony supporting this conclusion.

We have again reviewed the other questions raised in appellant's motion and are still of opinion that the court below did not err in allowing proof of what deceased said to Mr. Johnson about fifteen minutes after the shooting. Deceased was fatally shot and died within a short time. The facts very pertinently support the theory advanced by the State, that appellant took deceased from where he was with his wife at night, to where Landers was, and that as appellant and deceased walked up to Landers appellant said "Here he is; I got him," and that Landers at once shot deceased. The statement made by deceased, which forms the subject of this objection, might well be deemed admissible either as a dying declaration, or as part of the res gestae. It bore directly on the question of appellant's guilt as a principal.

Not being able to agree with either of the contentions made in the motion for rehearing, same will be overruled.

*Overruled.*