## JOE PENA V. THE STATE.

No. 22159. Delivered June 3, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a penalty of five years for murder without malice and brings this appeal.

On the former trial appellant was given a penalty of three years in the penitentiary and upon appeal the judgment was reversed on account of an error in the court's charge. The case is reported in 151 S. W. (2d) 598.

The indictment in the case alleges the murder by appellant, who was a Mexican, of another Mexican named Hernandez. The facts of the case disclose that the deceased was named Lopez, but it is also in evidence that he was commonly known by two names, one being that alleged in the indictment and the other, Lopez.

The appeal brings for our consideration several bills of exception, the first complaining of the action of the court in refusing to charge that the appellant had the specific intent to kill. Such a charge is necessary under the facts of the case, but we think that considered as a whole, and particularly the language of paragraphs 11 and 12, the jury was sufficiently required to find that such intent existed. It is not essential to discuss definitely each of said paragraphs but it is sufficient to say that in presenting the subject the court based it on the finding "with intent to kill" and "with an intention to kill" etc., so that there can be no doubt that the jury was specifically so instructed.

Bills of Exception Nos. 2 and 3 complain of the language found in Paragraphs 16 and 17 of the court's charge, with the contention that the former paragraph is on the weight of the evidence and suggested to the jury that the appellant might have continued to cut the deceased after the deceased ceased to attack him. The latter complaint is that the court, in Paragraph 17 of the charge, failed to inform them that the situation must be viewed from the standpoint of the appellant at the very time the fatal wounds were inflicted.

There is no question raised by the appellant's testimony as to his having cut the deceased and that the wounds he thus inflicted were fatal. He claimed that he acted in self-defense. We find nothing from the evidence of a nature that could possibly have been emphasized to his injury by the court's charge in the language set out in the bill; and a like reasoning will apply to Bill of Exception No. 3. To the contrary, in each paragraph of the charge, the rights of the appellant seem to have been specifically taken care of. Neither the bills, the argument, nor the briefs call our attention to any harmful results following the language complained of, and the finding of the jury was for murder without malice. We are unable to sustain either bill.

What has been said of the foregoing will likewise dispose of Bill of Exception No. 4. We note from this bill that counsel says the court should have said in Paragraph 17 of the charge that "if the deceased was making or 'about to make' an attack," etc. If the evidence in the case raises the question requiring a charge on what he was "about" to do, we have been unable to find it. At the same time, appellant presented a special charge on the subject but made no such request in his special charge.

Bills of Exception Nos. 5 to 12, inclusive, pertain to the name of the deceased, which was given in the indictment as Esa Hernandez, while there is evidence in the case indicating rather strongly that his name was Tony Lopez. We note from the evidence that the witness, Homer Tolar, testified on redirect examination that the deceased went by two names, one Lopez and the other Hernandez. Tom Wallace also testified that the deceased went by the name of Hernandez in the City of Marlin. This being true, the court's procedure in submitting the matter was sufficient. The evidence in the case amply justified the verdict which the jury returned, and we find no error in the record requiring a reversal of the case.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant claims that we erred in the original disposition of this case because we declined to sustain his contention that the trial court failed to affirmatively

instruct the jury that if they believed from the evidence that defendant did not have the specific intent to kill the deceased at the time he stabbed him, or if they had a reasonable doubt thereof, they could not convict him of murder, and in declining to give appellant's special charge to that effect. He earnestly insists that since the court charged the jury that if the defendant, with intent to kill, did cut and kill the deceased he would be guilty of murder, consequently he was entitled to an affirmative instruction as requested. If appellant had not cut the deceased in a most vital part of the body and had testified that he had no intent to kill him, there might be some merit in his contention, but after carefully reading his testimony as the same appears in the record, we failed to find any evidence as to what his intention was. In the absence of any proof relative thereto his intention must be determined from the means employed and the manner of its use, as well as the seriousness of the wounds inflicted. In support of his assertion appellant cites us to the case of Briscoe v. State, 56 S. W. (2d) 458, as sustaining his contention. We think that the Briscoe case is readily distinguishable from the instant case upon the facts. Briscoe cut the deceased in the leg, ordinarily not a vital part of the body, and he testified that when he cut him he had no intent to kill the deceased; that he had no knowledge as to where the large veins and arteries are located in the human body. It will be noted that in that case the intent of Briscoe was made an issue; hence he was entitled to an affirmative instruction thereon, but in the case here under consideration appellant cut the deceased in a most vital part of the body. He disemboweled him and at no time while testifying did he claim that he did not intend to kill the deceased. Hence the trial court did not err in failing to give appellant's requested instruction or one of like import.

Appellant also asserts that we erred in declining to sustain his bill of exception relating to the action of the trial court in permitting the District Attorney, on direct examination of the State's witness, Benevides, to ask him the following questions:

"Did you know Esa Hernandez during his lifetime—the boy that got killed?"

"Who is this boy they call Tony—is his real name Esa Hernandez?"

To each of which the witness answered "Yes." Appellant objected to the questions on the ground that they were leading and suggestive of the answer desired. The bill fails to show error on the part of the trial court. There are quite a number of exceptions to the rule which forbids the asking of leading questions, and unless the bill affirmatively shows that the same do not come within any of the exceptions, it is insufficient. See Branch's Ann. Tex. P. C., p. 91, sec. 159. In the instant case, the bill fails to show that the witness was not an unwilling or hostile witness, etc. See Carter v. State, 59 Tex. Cr. R. 73 (75) ; Hamilton v. State, 41 Tex. Cr. R. 599 (601).

Having reached the conclusion that the affirmance of the judgment in this case was authorized from the record before us, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.