## WILL MCKINNEY V. THE STATE.

No. 23379. Delivered June 12, 1946.
Rehearing Denied June 28, 1946.

The opinion states the case.

*Robert C. Benavides,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of an assault with a prohibited weapon, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The prosecution was initiated under Article 1151, P. C., which provides as follows:

"If any person shall willfully commit an assault or an assault and battery upon another with a pistol, dirk, dagger, slung shot, sword cane, spear or knuckles made of any metal or made of any hard substance, bowie knife, or any knife manufactured or sold for the purpose of offense or defense, while the same is being carried unlawfully by the person committing said assault, he shall be deemed guilty of an assault with a prohibited weapon and upon conviction shall be punished by a fine not to exceed two hundred dollars or by imprisonment in jail not to exceed two years, or by confinement in the penitentiary for not more than five years."

The indictment in this case, omitting the formal parts, reads as follows:

"* * * That one, WILL McKINNEY on the 3rd day of May, in the year of our Lord One Thousand Nine Hundred and 45 with force of arms, in the County and State aforesaid, while then and there unlawfully carrying on and about his person a pistol, in and upon David Eugene Foster, did wilfully commit an assault; contrary to the form of the statute in such cases made and provided," etc.

It is apparent from the allegations in the indictment that

it charges nothing more than a simple assault since it fails to charge that appellant committed an assault upon Foster with the pistol, a prohibited weapon. In the case of Reneau v. State, 106 Tex. Cr. R. 250, 291 S. W. 899, this court had before it an indictment similar in all respects to the one in the instant case and held it insufficient to charge an offense under the statute above quoted. It may not be amiss to direct attention to Willson's Criminal Forms, (5th Ed.) p. 306, Form 507.

In reviewing the record we also find a variance between the allegations in the indictment and the proof. In the indictment it is charged that appellant committed an assault upon David Eugene Foster. The assaulted party testified that his name was Eugene Foster Davis. This constitutes a fatal variance. See Stovall v. State, 82 S. W. (2d) 975, 128 Tex. Cr. R. 576. See also Branch's Crim. Law, p. 399, sec. 621, and authorities cited.

From what we have said, it follows that the judgment of conviction must be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed a motion for rehearing pointing out that the indictment as copied in the transcript before us at the time the original opinion was prepared by inadvertence had omitted therefrom an allegation that the assault was committed with the pistol alleged to have been unlawfully carried. The clerk has forwarded a supplemental transcript containing the indictment which properly charges the offense, and that part of our opinion holding to the contrary is no longer pertinent.

However, the question of variance as to the name of the injured party remains in the case. The State's motion refers us to many instances in the statement of facts where the injured party was referred to as "Foster." This is true, and that was his given name, but the injured party himself testified that his name was "Eugene Foster Davis," and not "David Eugene Foster," as alleged. When the injured party testified that his surname was Davis it was sufficient to put the State on notice

that it was confronted with a variance unless by proof it could bring itself within that provision of Art. 401 C. C. P. as follows:

"When a person is known by two or more names, it shall be sufficient to state either name."

The witnesses who did testify for the State appear not to have been well acquainted with the injured party, and no evidence is found showing that he was known both as Foster and Davis. See Johnson v. State, 126 Tex. Cr. R. 356, 71 S. W. (2d) 280; McGinnis v. State, 127 Tex. Cr. R. 621, 78 S. W. (2d) 978 and cases cited therein; Perry v. State, 4 Tex. Cr. App. 566; Schindler v. State; 17 Tex. Cr. App. 408 Luttrell v. State, 65 Tex. Cr. R. 102, 143 S.W. 629; Roberts v. State, 65 Tex. Cr. R. 534, 144 S.W. 940; Pena v. State, 164 S. W. (2d) 703; Willis v. State, 24 Tex. Cr. R. 487; Dennis v. State, 74 S. W. 559.

The motion for rehearing is overruled.