Ricky Eugene MORRIS, Appellant,

v.

The STATE of Texas, State.

No. 2–81–007–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 28, 1981.

Alex R. Tandy, Weatherford, for appellant.

Mac Smith, Dist. Atty. and Dan W. Carney, Asst. Dist. Atty., Weatherford, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

The appellant, Ricky Eugene Morris, was charged by indictment with burglary of a habitation in Parker County on or about the fourth day of May, 1977. Based upon the evidence presented at trial he was convicted of that charge. The jury returned a unanimous verdict of "guilty" and assessed punishment at five years imprisonment in the Texas Department of Corrections.

Since all of appellant's points of error attack the indictment's sufficiency, we include in this opinion the pertinent portion thereon.

IN THE. NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: RICKY EUGENE MORRIS . . . did then and there without the effective consent of Wayne Campbell, the owner thereof, enter a building not then and there open to the public, and that said building was then and there a habitation occupied by said Wayne Campbell with intent to commit theft, to wit: with intent then and there to intentionally and knowingly appropriate property from Wayne Campbell, without the effective consent of Wayne Campbell, the owner of said property and with intent to deprive the said owner of said property.

We overrule all three points and hold that the indictment was sufficient. Initially, appellant asserts that the indictment was fatally defective because it failed to set forth the true and lawful owner of the habitation burgled. The indictment specified that "Wayne Campbell" was the owner of the habitation. At trial the state's witness testified that his name was "Melton Wayne Campbell", and that he was the owner of the habitation set forth in the indictment. Appellant argues that this variance requires a holding that the indictment was legally insufficient. A slight variance, such as this, between the name of the victim of the offense alleged in the indictment and the name of the victim elicited by testimony at trial, is not fatal. "The rule seems to be in this state that, if the injured party be known or sometimes called by the name alleged, this would suffice." *Johnson v. State*, 126 Tex.Cr.R. 356, 71 S.W.2d 280, 281 (1934). In *Johnson*, the indictment stated that the victim was Manuel Haywood, but at trial his name was proved to be Elbert Haywood. The indictment was attacked on the basis of this variance. The court held

the indictment sufficient nevertheless. Here the alleged variance is much less than that found in *Johnson, supra*. We hold that the indictment set forth the true and lawful owner of the habitation in question.

Appellant's second point of error states that there was no allegation of a culpable mental state of the defendant in the indictment. This contention is completely without merit. The indictment on its fact alleges that the appellant entered the habitation "with intent to commit theft".

Finally, appellant argues that the indictment failed to state twice the phrase "without the owner's consent." The indictment clearly charges that the appellant entered the habitation without the owner's consent, with the intent to intentionally and knowingly appropriate property from Wayne Campbell without his consent.

If the appellant's ground of error is that the owner should have been identified in the indictment as Melton Campbell instead of Wayne Campbell, we hold it to be without merit on the strength of *Johnson, supra*.

The judgment below is affirmed.