**William Harold STAHLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00754–CR.**

Court of Appeals of Texas, Dallas.

July 17, 1991.

Rehearing Overruled Aug. 30, 1991.

John H. Hagler, Dallas, for appellant.

David Cole, Sherman, for appellee.

Before STEWART, KINKEADE and BURNETT, JJ.

## OPINION

KINKEADE, Justice.

William Harold Stahley appeals his conviction for aggravated sexual assault. After a jury trial, the jury assessed punishment at ten years' confinement in the state penitentiary. In three points of error, Stahley contends that the evidence is insufficient to support his conviction because (1) the conviction is based on the incompetent testimony of a child witness, (2) a fatal variance exists between the allegation of the complainant's name in the indictment and the proof of the victim's name, and (3) the State failed to allege the true name of the complainant in the indictment. Because the evidence is sufficient to support Stahley's conviction, we affirm the trial court's judgment.

## FACTS

At trial, eight-year-old A____ S____ testified that she formerly resided in Sherman with her mother and her stepfather, William Harold Stahley. In April 1989, Stahley stayed with A____ at night while her mother worked at a local restaurant. A____ stated that after her mother left for work, Stahley would remove all of his clothes and call her into his bedroom. Stahley then would remove A____'s clothes and put his penis into her vagina. A____ further testified that she did not tell anyone about the repeated sexual assaults because she was afraid that Stahley would get mad at her and that her mother would not believe her. A____ said she later told a counselor at school about the sexual assaults. A____ further stated that when she told the police of the repeated sexual assaults, she was allowed to use the name "Tilena Baxter" instead of her true name. The State later used A____'s pseudonym, "Tilena Baxter," to identify her in the indictment.

Dr. Clyde Shaw, a pediatrician, testified that he examined A____ on June 12, 1989, and found that she had no hymen. Dr. Shaw stated that he could not determine how or when A____ lost her hymen and he found no evidence of vaginal tears, cuts, or other trauma during his examination. Dr. Shaw further testified, however, that A____ was the only child that he had examined, in over twelve years of practice, that had absolute evidence of penetration because she had only a residual rim of a hymen around the edges of her vagina.

## SUFFICIENCY OF THE EVIDENCE

■ When determining whether the evidence is sufficient to support the conviction, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 238 (Tex.Crim. App.1989). This standard supports the jury's responsibility, as the trier of fact, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Gilbert v. State*, 787 S.W.2d 233, 235 (Tex.App.—Fort Worth 1990, no pet.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The jury, as the trier of fact, remains the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. The jury may accept or reject any or all of the evidence for either side. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982); *see* TEX.CODE CRIM.PROC. ANN. arts. 36.13 & 38.04 (Vernon 1979).

### *Competency of a Child Witness*

■ In his first point of error, Stahley contends that the evidence is insufficient to support his conviction because A____, a child witness, was incompetent to testify.

Rule 601(a)(2) of the Texas Rules of Criminal Evidence provides that a child is competent to testify unless questioning the child convinces the court that he or she "appears not to possess sufficient intellect to relate the transactions about which he or she will testify." TEX.R.CRIM.EVID. 601(a)(2). Assuming competency of the child victim-witness, her uncorroborated testimony alone can support a conviction for the offense of sexual assault of a child.

*See Hernandez v. State,* 651 S.W.2d 746, 751–53 (Tex.Crim.App.1983).

 The record shows that prior to trial, the trial court conducted a competency hearing and examined A____. A____'s responses established that she had the ability to distinguish between the truth and a lie. The questions asked by the judge were sufficient to impress upon A____ her duty to be truthful. *See, e.g., Macias v. State,* 776 S.W.2d 255, 258 (Tex.App.—San Antonio 1989, pet. ref'd). Since the trial court did not find that A____ lacked sufficient intellect to relate transactions about which she would be interrogated, we conclude that she was competent to testify. Because A____ was competent to testify, the evidence is sufficient to support Stahley's conviction for aggravated sexual assault. We overrule Stahley's first point of error.

### Use of a Pseudonym

 In his second and third points of error, Stahley contends that the evidence is insufficient to support his conviction because the complainant, A____ S____, was identified in the indictment under the pseudonym "Tilena Baxter" rather than by her true name. Stahley argues that a fatal variance exists between the allegation of the complainant's name in the indictment and the proof of the victim's name adduced at trial. Stahley further argues that article 57.02 of the Texas Code of Criminal Procedure does not authorize the State to use a pseudonym in an indictment.

When a person is known by two or more names, article 21.07 of the Texas Code of Criminal Procedure allows the State to allege either name in the indictment. *See Blankenship v. State,* 785 S.W.2d 158, 159 (Tex.Crim.App.1990); TEX.CODE CRIM.PROC. ANN. art. 21.07 (Vernon 1966). Article 21.07 only requires that the person be known by two names, not that he or she be "commonly" known by such names. *Id.* Pursuant to article 57.02 of the Texas Code of Criminal Procedure, the State may identify a sexual assault victim by a pseudonym in an indictment. *See, e.g., Sallings v. State,* 789 S.W.2d 408, 413 (Tex.App.—Dallas 1990, pet. ref'd); TEX.CODE CRIM.PROC.

ANN. art. 57.02 (Vernon Supp.1991). If evidence exists that the victim was known by the name alleged in the indictment, then the issue is raised and is properly left for the jury to determine. *Blankenship,* 785 S.W.2d at 160.

In this case, the indictment identified A____ S____, a sexual assault victim, by the pseudonym "Tilena Baxter." At trial, A____ testified that the police allowed her to use a fictitious name for the purposes of this case. Because there was proof before the jury that A____ S____ was known as Tilena Baxter, sufficient evidence exists to support the indictment's allegation and no fatal variance exists. *See id.; Sallings,* 789 S.W.2d at 418; *Leger v. State,* 774 S.W.2d 99, 101 (Tex.App.—Beaumont 1989, pet. ref'd). We overrule Stahley's second and third points of error.

We affirm the trial court's judgment.