TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00309-CR







Darrel Allan Case, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6837, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING







 A jury convicted Darrel Allan Case of delivery of marihuana of less than five
pounds but more than 1/4 ounce. The court assessed punishment at two years in the state jail. 

 Case contends by his sole point of error that the district court erred by denying his
request for an instructed verdict. The standard of review applicable to a motion for an instructed
or directed verdict is the same as that used in reviewing the legal sufficiency of the evidence. 
Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). We must decide after viewing
the evidence in the light most favorable to the prosecution, whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979). If the evidence is sufficient to sustain the conviction, then
the trial court did not err in overruling appellant's motion. Madden, 799 S.W.2d at 686.

 On appeal, Case argues that the State's proof at trial varied fatally from the
indictment. He contends that the indictment alleged delivery of marihuana to Jerry Wells, the
State's proof showed delivery to Steven Vizy, and Steven Vizy was not known as Jerry Wells. 
Case contends this variance between indictment and proof is fatal to his conviction. 

 The State concedes the first two contentions, but denies that Steven Vizy was not
known as Jerry Wells. The State presented evidence from both Noland Hicks, the police officer
in charge of the Rural Area Narcotics Task Force operation involving Vizy, and from Vizy that
Vizy was Jerry Wells. The officer testified as follows:


Q. Now, the name Jerry Wells, are you familiar with that name?

A. Yes, I am.


Q. And do you recall where that name came from, or -- and if you do, what the
purpose of that name is?


A. I gave that name to Steven Vizy, and -- I give him that name, and that's the
name he uses -- any contacts that we have together, he uses the name Jerry
Wells.



Hicks later identified marihuana delivered by Case and secured in baggies marked with the initials
J.W. When asked whose initials those were, Hicks testified, "That would be Jerry Wells who is
Steven Vizy." Hicks testified that the name Jerry Wells was used between Vizy and himself and
possibly other agents in the task force office. Vizy testified that he placed the initials J.W. on the
baggie containing the marihuana he received from Case. The following exchange occurred during
Case's cross-examination of Vizy:


Q. Okay, there's been, also, some testimony about the name, and you
testified also about the name Jerry Wells. Was that a name that Noland
Hicks had come up with for kind of a code word between you and him?


A. Right. We both came up with it. And I came up with the last name,
and he came up with the first name.


Q. And that was kind of just something you-all used between the two of you?


A. Yes.


Q. And maybe some of the other officers or something?


A. On my statements.


Q. I mean, you didn't go around to these other people that knew you and say,
hey, I'm Jerry Wells.


A. No.



The indictment did not mention the name Steve Vizy or that "Jerry Wells" was an alias. 

 Mere use of a pseudonym in the indictment does not require acquittal when the
proof shows a different name. The Code of Criminal Procedure provides as follows:


[i]n alleging the name of the defendant, or of any other person necessary to be
stated in the indictment, it shall be sufficient to state one or more of the initials of
the given name and the surname. When a person is known by two or more names,
it shall be sufficient to state either name. 



Tex. Code Crim. Proc. Art. 21.07 (West Supp. 2000). When there is evidence that the victim
is known by two names, the issue may be properly left for the jury. See Williams v. State, 975
S.W.2d 375, 377 (Tex. App.--Waco 1998, pet. ref'd) (citing Blankenship v. State, 785 S.W.2d
158, 160 (Tex. Crim. App. 1990); Brown v. State, 843 S.W.2d 709, 712 (Tex. App.--Dallas 1992,
pet. ref'd)). The conviction will be upheld if sufficient evidence supports the conclusion that the
name in the indictment and the name of the person proved at trial refer to the same person. Id. 
Similarly, the Dallas court of appeals upheld a conviction for sexually assaulting "Tilena Baxter"
when the victim, A.S., testified at trial that she was known, for purposes of the prosecution, by
the pseudonym Tilena Baxter used in the indictment. See Stahley v. State, 814 S.W.2d 415, 417
(Tex. App.--Dallas 1991, pet. ref'd). Though the statutory protection afforded sexual assault
victims (1) distinguishes such cases somewhat from non-sexual assault cases, the Stahley opinion
reinforces the idea that, if the State introduces evidence that the victim is known by the
pseudonym used in the indictment, the identity issue is properly left to the jury. See id.

 Case argues that the fact that one police officer called Vizy by the name Jerry Wells
does not show that Vizy was known by the name Wells. The court of criminal appeals has
expressly rejected the contention that the victim must be "commonly known" by the second name
in order to support a conviction. Blankenship, 785 S.W.2d at 159-60. In Blankenship, the
indictment alleged that the victim's name was Armando Sanroman, but the victim's name actually
was Rudolfo Sanroman; Armando was the victim's brother. Id. at 159. Sheriff's office personnel
testified that they thought the victim's name was Armando--their reports used that name and they
successfully contacted him at work by that name; the chief deputy testified that the victim himself
said his name was Armando. Id. Rudolfo testified that only sheriff's office personnel called him
Armando. Id. The court held that whether the victim was known by both names was a jury
question, and that the evidence in this case supported the jury's finding that Rudolfo was known
as Armando. Id. at 160. The court has held that, when the indictment alleges a victim's name
that differs from the name of the victim proved at trial, the variance is fatal in the absence of
proof that the victim was known by both names. McKinney v. State, 195 S.W.2d 365, 366 (Tex.
Crim. App. 1946) ("David Eugene Foster" not proved to be same as "Eugene Foster Davis").

 We conclude that the evidence does not fatally vary from the indictment regarding
the name of the person to whom Case delivered the marihuana. The State presented evidence that
Vizy was known by the name Jerry Wells. The fact that Jerry Wells was only Vizy's "police
name" does not create a fatal variance from the proof; the court of criminal appeals affirmed the
conviction in Blankenship even though the evidence showed that only the sheriff's office called
the victim by the name alleged in the indictment. (2) 785 S.W.2d at 159-60. The evidence is
sufficient to allow a rational trier of fact to conclude that Vizy is Wells. The district court did not
err by overruling Case's motion for instructed verdict.

 We overrule Case's point of error and affirm the district-court judgment.



 


 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: March 2, 2000

Do Not Publish
1. See Tex. Code Crim. Proc. Ann. art. 57.02 (West Supp. 2000); see also Stevens v. State,
891 S.W.2d 649 (Tex. Crim. App. 1995).
2. We note that, though the Blankenship court instructed its jury regarding the double identity,
the district court in this case did not. No such charge was requested, and no complaint about its
absence was made. The jury must have implicitly found that Vizy was Wells--otherwise, they
could not have convicted Case for delivering marihuana because Wells was the only recipient
alleged. As discussed, ample evidence supports their implicit finding that Vizy was Wells.



S.W.2d
158, 160 (Tex. Crim. App. 1990); Brown v. State, 843 S.W.2d 709, 712 (Tex. App.--Dallas 1992,
pet. ref'd)). The conviction will be upheld if sufficient evidence supports the conclusion that the
name in the indictment and the name of the person proved at trial refer to the same person. Id. 
Similarly, the Dallas court of appeals upheld a conviction for sexually assaulting "Tilena Baxter"
when the victim, A.S., testified at trial that she was known, for purposes of the prosecution, by
the pseudonym Tilena Baxter used in the indictment. See Stahley v. State, 814 S.W.2d 415, 417
(Tex. App.--Dallas 1991, pet. ref'd). Though the statutory protection afforded sexual assault
victims (1) distinguishes such cases somewhat from non-sexual assault cases, the Stahley opinion
reinforces the idea that, if the State introduces evidence that the victim is known by the
pseudonym used in the indictment, the identity issue is properly left to the jury. See id.

 Case argues that the fact that one police officer called Vizy by the name Jerry Wells
does not show that Vizy was known by the name Wells. The court of criminal appeals has
expressly rejected the contention that the victim must be "commonly known" by the second name
in order to support a conviction. Blankenship, 785 S.W.2d at 159-60. In Blankenship, the
indictment alleged that the victim's name was Armando Sanroman, but the victim's name actually
was Rudolfo Sanroman; Armando was the victim's brother. Id. at 159. Sheriff's office personnel
testified that they thought the victim's name was Armando--their reports used that name and they
successfully contacted him at work by that name; the chief deputy testified that the victim himself
said his name was Armando. Id. Rudolfo testified that only sheriff's office personnel called him
Armando. Id. The court held that whether the victim was known by both names was a jury
question, and that the evidence in this case supported the jury's finding that Rudolfo was known
as Armando. Id. at 160. The court has held that, when the indictment alleges a victim's name
that differs from the name of the victim proved at trial, the variance is fatal in the absence of
proof that the victim was known by both names. McKinney v. State, 195 S.W.2d 365, 366 (Tex.
Crim. App. 1946) ("David Eugene Foster" not proved to be same as "Eugene Foster Davis").

 We conclude that the evidence does not fatally vary from the indictment regarding
the name of the person to whom Case delivered the marihuana. The State presented evidence that
Vizy was known by the name Jerry Wells. The fact that Jerry Wells was only Vizy's